WILLIS JOHNSON vs. ANSEL C. PORTER.

The plaintiff alleged in his declaration that the defendant had annoyed him by offensive odors from a barn-yard placed by the defendant near his dwelling house, and that he was prevented by them from a comfortable use of his house, that his family were made sick thereby, and that he was subjected to medical expenses in consequence. Held that he could not, under this declaration, for the purpose of enhancing the damages, show the diminished value of his dwelling house and lot by reason of the offensive odors.

TRESPASS on the case, for an injury to the plaintiff in the occupation of his dwelling-house from offensive odors from a barn yard placed by the defendant near the plaintiff's house ; brought to the City Court of the city of Waterbury, and tried to the jury, on the general issue, before *Fields, J.*

The declaration contained two counts. The first alleged the damage to the plaintiff as follows : — "And the plaintiff has thereby been and still is greatly annoyed in the occupation and enjoyment of his said dwelling house, and has been and is, by means of the committing of the grievances aforesaid by the defendant, otherwise greatly injured." The second count alleged the damage as follows : — "So that the plaintiff has been, during all the time aforesaid, injured and prejudiced in the possession, use, occupation and enjoyment of his said dwelling house, with the appurtenances, and has been prevented from enjoying the same in so ample and beneficial a manner as he otherwise might, could, would and ought to have done ; and the plaintiff's family, and every member thereof, by reason of the stenches aforesaid, became sick and ill, and so continued for a long space of time, to wit, for many months, and the plaintiff was obliged to lay out, and did in fact lay out, for medicine and medical attendance in curing and endeavoring to cure his said family of their said sickness and ills, so occasioned as aforesaid, the sum of two hundred dollars. All of which is to the damage of the plaintiff the sum of five hundred dollars."

On the trial the plaintiff offered evidence to prove the value of his dwelling house and lot, which he claimed was

injured and lessened in value by reason of the stenches generated by the defendant in the use of the barn yard. To this evidence the defendant objected on the ground that it was irrelevant; but the court admitted it and the defendant excepted.

The jury having returned a verdict for the plaintiff the defendant brought the case by a motion in error before the Superior Court in New Haven County, which court (San-ford, J.,) reversed the judgment of the City Court. The plaintiff then brought the record before this court by a motion in error.

*O'Neill*, with whom was *Webster*, for the plaintiff.

*Watrous*, for the defendant.

PARK, C. J. The plaintiff in his declaration sets forth a personal injury which he had sustained in the occupation of his dwelling house, and that only. But on the trial of the cause in the City Court he was permitted to show the injury he had sustained in the diminished value of his real estate by reason of the acts of the defendant.

Manifestly this was a departure from the cause of action set forth in the declaration. The noxious smells from the defendant's barn yard were neither increased nor diminished by the value of the plaintiff's premises, but they remained as great, and as grievous to be borne, and the plaintiff and his family were rendered as uncomfortable in the occupation of their dwelling house, and their health was as much affected, and consequently the plaintiff's medical bills were as great, as they would have been if his premises were of the greatest value.

We think therefore that the City Court erred in permitting the plaintiff under this declaration to enhance his damages by showing the injury he had sustained in the diminished value of his real estate ; and consequently that the Superior Court committed no error in reversing the judgment of that court.

In this opinion the other judges concurred.