CHARLES Z. POND, as Executor, etc., Respondent, *v.* THE METROPOLITAN ELEVATED RAILWAY COMPANY et al., Appellants.

In a common-law action, brought by the owner of premises abutting on a street in the city of New York, laid out under the act of 1813 (2 R. L. 49), through which an elevated railway has been constructed, to recover damages resulting therefrom, plaintiff can recover only such temporary damages as have been sustained up to the time of the commencement of the action; he is not entitled to damages measured by the permanent diminution in value of his property, upon the assumption that the wrong is permanent and irremediable.

*Lahr* v. *M. E. R. Co.* (104 N. Y. 270) distinguished.

(Argued December 18, 1888; decided January 15, 1889.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made December 31, 1886, which affirmed a judgment in favor of plaintiff entered upon a decision of the court on trial at Circuit without a jury. (Reported below, 42 Hun, 567.)

This action was brought by the owner of property abutting

on West Third street in the city of New York, to recover damages caused by the construction and operation of defendant's road in said street.

Upon the trial plaintiff abandoned his claim for damages to the easements of air and access, and rested his claim for compensation solely upon the damages to the easement of light. The court allowed, as damages, permanent diminution in the value of plaintiff's property.

*Edward S. Rapallo* for appellants.  The executor should not have proved or recovered the permanent depreciation due to the road, because in theory the road not being permanent, no such permanent depreciation had taken place, nor could it be recovered in an action at law.  (*Uline* v. *N. Y. C. & H. R. R. R. Co.*, 101 N. Y. 98.)  Plaintiff in actions against the elevated railroads are not entitled to recover, in actions at law, the permanent depreciation in the value of abutting property, claimed to have been injured by the road.  (*Henderson* v. *N. Y. C. R. R. Co.*, 78 N. Y. 423; *Uline* v. *N. Y. C. R. R. Co.*, 101 id. 98; *N. Y. N. Ex. Bk.* v. *Met. El. R. R. Co.*, 105 id. 660; *Lahr* v. *Met. R. R. Co.*, 104 id. 268.)

*Inglis Stuart* for respondent.  An action at common law to recover permanent damages where the circumstances justify a recovery " once for all " is the only action that can be maintained.  (*Wheelock* v. *Noonan*, 108 N. Y. 185; *McFadden* v. *Johnson*, 72 Penn. St. 335; *King* v. *Mayor*, etc., 102 N. Y. 171.)

Andrews, J.  The sole question on this appeal relates to the rule of damages, that is to say, whether, in a common-law action brought by the owner of premises abutting on a street in the city of New York, laid out under the act of 1813, through which the defendant's railway has been constructed, to recover damages resulting therefrom, through the interruption of light which theretofore passed to his premises from the street, the plaintiff can recover complete damages once for all, as for a final and complete destruction *pro tanto*

of the easement invaded by the act of the defendant, or is confined to a recovery of such temporary damages as have accrued up to the commencement of the action, as in an ordinary action of trespass upon land, leaving him at liberty to bring a new action in case the obstruction is not discontinued, for subsequent damages, as though a new trespass had been committed. The argument that under the peculiar circumstances, and in view of the nature of the right invaded, as well as the probable permanent character and public purpose of the defendant's structure and franchise, the rule allowing permanent damages to be recovered should prevail, thereby giving finality to the controversy, has been pressed upon us with great force by the counsel for the respondent. But we think the question is not now open to controversy and that the rule must now be regarded as settled by former decisions, that an abutting owner in a common-law action of this character can recover only such temporary damages as have been sustained up to the time of its commencement, and that he is not entitled to damages measured by the permanent diminution in value of his property, upon the assumption that the wrong is permanent and irremediable.

The *Story Case* (90 N. Y. 122) established the principle that an abutting owner on streets in the city of New York, possesses, as incident to such ownership, easements of light, air and access in and from the adjacent streets, for the benefit of his abutting lands, and that the appurtenant easements and outlying rights constitute private property of which he cannot be deprived without compensation. That was an equity action and the court having reached the conclusion that the defendant's structure was an unlawful invasion of the plaintiff's easements, granted an injunction, postponing its actual issuance, however, until after such reasonable time as would enable the defendant to acquire the plaintiff's right by voluntary agreement or compulsory proceedings. The *Story Case* did not determine any rule of damages. But in *Uline* v. *N. Y. C. & H. R. R. R. Co.* (101 N. Y. 98), the general question as to the scope of the remedy in an ordinary legal

action for damages sustained by an abutting owner from the construction of a railway in the street fronting his premises, without his consent and in violation of his rights, was elaborately considered, and it was determined that in such an action the plaintiff could recover temporary damages only; that is, such damages as had been sustained up to the commencement of the action, and the judgment below which allowed damages measured by the permanent depreciation in the value of the plaintiff's lots upon the assumption that the trespass and wrong would be continued, was reversed. The case of *Lahr* v. *Met. El. R. Co.* (104 N. Y. 270), was an action like the present one, brought by an abutting owner for damages in which the plaintiff recovered the permanent depreciation in value of his premises by reason of the construction and operation of the defendant's road, on the theory that the appropriation and invasion of the plaintiff's easement was final and complete. This court affirmed the judgment, stating in its opinion that the case was taken out of the operation of the *Uline Case* (*supra*), for the reason that the record disclosed that the parties had agreed upon the rule of damages. The plain inference is, that except for this, the doctrine of the *Uline Case* would have controlled and the objection to the measure of damages would have prevailed. The case of *New York National Bank* v. *Metropolitan Elevated Railway Company* (108 N. Y. 660), is a still more explicit recognition by this court of the application of the doctrine of the *Uline Case* to actions like this. That was an equitable action, brought by an abutting owner, and was sustained. The plaintiff was awarded judgment for past loss of rentals, and an injunction was granted restraining the further operation and maintenance of the road, unless the defendants paid a certain sum equal to the amount of depreciation in the value of the property, as for a permanent appropriation. There was no ground for maintaining the action for equitable relief upon any circumstances disclosed in the complaint, provided the plaintiff could have recovered permanent and

complete damages, as for an actual taking of his easement, in a legal action. We think these cases have settled the rule that permanent depreciation cannot be recovered in an action like this. It is understood that this has been the interpretation of our decisions upon which the courts below have acted in many cases. It might be productive of less inconvenience, on the whole, if an opposite rule could be adopted. But the rule established is consistent with legal principles. A recovery of judgment for damages for a trespass or the invasion of an easement does not operate to transfer the title of the property to the defendant, either before or after satisfaction, nor does it extinguish the easement. By the ordinary rule it is an indemnity for a past wrong, leaving unaffected the plaintiff's right to his property. When he comes to the court for equitable relief, the court may mould it to suit the circumstances, as was done in *Henderson* v. *N. Y. C. R. R. Co.* (78 N. Y. 423). The present case was an action for damages simply. The plaintiff neither in his complaint nor on the trial asked for equitable relief.

We think the judgment should be reversed and a new trial granted.

All concur.

Judment reversed.