### AMERMAN v. DEANE.

*(Superior Court of New York City, General Term.  June 28, 1889.)*

1. COVENANTS—AGAINST ERECTION OF TENEMENT-HOUSE—INJUNCTION.
   A block-owner conveyed the lots to several grantees, each deed containing a covenant, running with the land, that neither the grantee nor his assignee would erect a tenement-house on the land conveyed. *Held*, that it was no defense to an action by one lot-owner against another for injunction to prevent the violation of the covenant that tenement-houses had been erected in the neighborhood, and that to specifically enforce the covenant would substantially deprive the defendant of the only use to which her lot could profitably be put.

2. SAME—DAMAGES—MEASURE.
   No evidence was offered as to the damage caused by the erection of the tenement-house to the value of the occupation of plaintiff's property, nor was there any that she wished or had wished to sell her property. *Held*, that it was error to charge that plaintiff was entitled to recover as damages the difference in value of her house as it was affected by the tenement-house and the value it would have possessed if the defendant's lot had remained vacant.

Appeal from special term.

Action by Mary V. Amerman against Bertha A. Deane for an injunction, damages, and other relief. Judgment for plaintiff, and defendant appeals. The following is the opinion of the special term, TRUAX, J.: "The covenant was made for the express purpose of preventing the erection of tenement-houses in the block mentioned in the covenant, and, although tenement-houses have since been erected in the immediate neighborhood, that fact does not authorize the defendant in erecting a tenement in violation of the provisions of the covenant; for it is evident from the fact that the parties interested entered into the covenant that such erection was anticipated, and that they intended to secure the property mentioned in the covenant from the disturbing influence of tenement-houses. In *College* v. *Thacher*, 87 N. Y. 311, it was something not mentioned in the agreement, and thus something not anticipated by the parties to the agreement, that caused the change in the neighborhood, and that authorized the defendant in maintaining a building prohibited by the agreement. Judgment ordered for plaintiff, with costs."

Argued before SEDGWICK, C. J., and FREEDMAN, J.

*John H. Deane*, (*Cephas Brainerd*, of counsel,) for appellant.  *W. J. Townsend*, for respondent.

SEDGWICK, C. J.  The parties to the action were severally the owners of lots and buildings on them in a block in this city.  The former owner of the block had conveyed the whole of it to different persons, in various portions. In each of the conveyances by him was a covenant by the grantee for himself and his assigns that neither he nor his assigns would erect, suffer, or permit upon the premises conveyed any tenement-house, and it was agreed that this covenant should run with the land.  The parties to this action held under some of these conveyances.  The defendant built upon her lot a tenement-house, and had maintained it up to the time of the bringing of this action. Under the facts as found by the judge he was justified in holding that the plaintiff was entitled to an injunction restraining the defendant from maintaining the tenement-house she had built on her lot, and also in holding that it did not appear that such a restraint would be inequitable, because the covenant, if specifically enforced, would substantially deprive the defendant of the only use of her lot to which it could be profitably devoted, and that whatever change there had been in the neighborhood, it did not deprive the plaintiff of a right to an injunction, inasmuch as the covenant had been made between the parties originally as a preventive of the injurious effects of such a change,

if it should occur.    *Lattimer* v. *Livermore*, 72 N. Y. 174;    *College* v. *Thacher*, 87 N. Y. 311.    The plaintiff was also entitled to a judgment, for such damage as she had suffered from the defendant's violation of the covenant in past time.    She recovered for the difference in value of her house as it was affected by the tenement-house and the value it would have possessed if the lot on which the tenement was built was a vacant lot.    I cannot see how, according to the evidence, she could have been damaged in that amount. She would not be damaged by her inability to procure the greater value, as upon a sale, when there was no proof that she wished or had wished to sell or to procure the value.    Until she was selling, no damage would accrue to her excepting such as would arise from the diminution, caused by the tenement-house, of the value of her occupation.    Of this latter there was no proof.    I do not agree that the damage assessed was in part that flowing from causes other than defendant's tenement-houses.    They were confined to the effect of that house upon plaintiff's 'premises; but, as they did not relate to the diminished value of the occupation, the judgment given for their amount should be reversed.    If the larger question was to be considered,—that is, whether damages to the plaintiff's premises in the future and for all times could be assessed in such an action,—I would be of the opinion that the *Pond Case*, 112 N. Y. 186, 19 N. E. Rep. 487, and the *Uline Case*, 101 N. Y. 98, 4 N. E. Rep. 536, determined that they could not.    The measure of damages in an equitable action of this kind is not different from the measure in a legal action for the damages.    The principle is that such damages as might be recovered in a legal action brought for the damages may be recovered in an equitable action for an injunction and the damages, because equity will give full relief. But equity does not increase the amount that might be recovered at law.    For the reason given, the whole judgment should be reversed, and a new trial ordered.    On that trial there may be a fresh examination of the question of whether it is equitable under the circumstances to give an injunction.    Judgment reversed, and a new trial ordered, with costs to abide the event.

FREEDMAN, J., concurs.