Lurssen *vs.* Lloyd.

For error in the second exception, the judgment must be reversed.

*Reversed, and*
*new trial.*

(Decided 18th November, 1892.)

CHARLES C. LURSSEN *vs.* JOHN LLOYD.

*Nuisance—Irrelevant evidence—Instructions.*

In an action to recover damages for the maintenance of a nuisance by the defendant upon premises adjoining those occupied by the plaintiff, after the testimony in chief was closed, and the plaintiff had produced testimony in rebuttal, the defendant offered in evidence the proceedings in a case for the foreclosure of a mortgage upon the plaintiff's property, under which proceedings the property had been sold to the mortgagee. On objection it was HELD:

1st. That the evidence, if relevant, was offered too late, as it should have been introduced as part of the defendant's evidence in chief.

2nd. That said evidence was irrelevant, as the fact that the property had been sold to the mortgagee did not prevent the plaintiff, who was still in possession, from maintaining his action to recover damages for the injury produced by the nuisance complained of.

3rd. That if the plaintiff had been only a tenant, he could have maintained his action, as the nuisance was not of a permanent character, but one that could, at any time, have been discontinued.

A prayer of the defendants concluded as follows: "And the jury are further instructed that, if they find that the plaintiff dwells in the midst of a commercial or manufacturing locality, he is not entitled to have the same quiet, and freedom from annoyance that he would be entitled to in the country." HELD:

That this prayer was properly rejected, as the testimony showed that the defendant did not dwell in a commercial or manufac-

Lurssen *vs.* Lloyd.

turing locality, and, if he did, the law would not permit him to maintain such a nuisance as he sought to defend, viz., the use of an engine and boiler which produced loud and disturbing noises and annoying vibrations on the premises of the plaintiff and emitted quantities of steam, oppressive smoke, dust, soot, and cinders, which came from defendant's premises and settled on those of the plaintiff, injuring his house and causing tenants to leave his premises, and causing the plaintiff and his family great disturbance and discomfort.

The omission of qualifying words from a prayer granted on behalf of the plaintiff, is no ground for reversal on appeal, if prayers granted on behalf of the defendant gave him ample protection respecting such omission.

A prayer is defective and misleading which segregates from the mass of testimony one item of damage alone, and then proceeds to prescribe a rule to the jury, "that, in awarding damages they may consider any loss of rental, and also any discomfort to the plaintiff occasioned thereby, up to the time of bringing this suit," as the jury may readily have believed from its uncertain terms that it meant to allude only to the question of the discomfort to the plaintiff occasioned by his loss of rental, or to the discomfort occasioned by the facts set out in a previous prayer.

APPEAL from the Superior Court of Baltimore City.

The action in this case was brought by the appellee against the appellant. The case is stated in the opinion of the Court.

*First Exception.*—Stated in the opinion of the Court.

*Second Exception.*—At the trial the plaintiff offered three prayers, the second of which was refused, and is omitted, the others are as follows:

1. If the jury find that the plaintiff is possessed of the premises and dwelling house referred to in the evidence, and if they shall further believe that the defendant is in the possession of the adjoining premises, and works and operates a factory thereon, for the purpose of making boxes, in which he uses an engine and boiler run by

steam, and that whilst so operating the same, by himself, his agents and employés, loud and disturbing noises are made, and annoying vibrations are made in the premises of plaintiff, and large quantities of steam and foul and offensive smoke, and dust, soot and cinders were caused thereby to be emitted from his factory and premises, which settled upon the plaintiff's premises, entered his house, causing injury and damage to the same. And if they find that said smoke, steam and cinders, and vibration are of such a character, and in such a quantity as to cause great bodily discomfort to the plaintiff, his family and tenants, and compel the occupants to keep the doors and windows closed at times, and that thereby the value of plaintiff's property is depreciated, and in consequence thereof he has suffered injury by loss of tenants, if the jury find such, then the plaintiff is entitled to recover in this action.

3. That if the jury find for the plaintiff, then, in awarding damages, they may consider any loss of rental, and also any discomfort to the plaintiff occasioned thereby up to the time of bringing this suit.

The defendant offered the six following prayers:

1. That if the jury should find that plaintiff's property was injured by the manner defendant conducted his factory, on his premises, they should not award damages to the plaintiff for such injury; unless they find that plaintiff's property has been materially injured or his comfort and enjoyment in the use of his property has been substantially impaired, and the jury are further instructed, that in determining whether defendant maintains a nuisance on his premises, by the machinery he has placed therein, or by the mode he conducts his business, or by smoke, steam, cinders, dirt, jarring or noise, the jury should take into consideration the locality of plaintiff's and defendant's premises, mentioned in the evidence, the nature of the business conducted by defend-

ant on his premises, the character of the machinery, used by him therein and his manner of using such machinery, in connection with the other facts in the case, and the jury are further instructed that if they find that plaintiff dwells in the midst of a commercial or manufacturing locality he is not entitled to have the same quiet, and freedom from annoyance that he would be entitled to in the country.

2. Even if the jury shall find from the evidence that defendant erected on his premises Nos. 414 and 416 West Conway street, a stationary steam engine, and used it in connection with his business of making cigar and other light wooden boxes, such erection and use is not in itself a nuisance, and the plaintiff is not entitled to recover, if the jury believe defendant caused to be constructed and used, in connection with the machinery on his said premises, the best appliances to prevent the escape of smoke, steam, cinders, soot and dust from his said premises, and that said appliances did prevent such escape to the extent of not seriously interfering with the plaintiff in the comfortable enjoyment of his property or substantially damaging the same, and no unreasonable noise or vibrations was caused by defendant's engine or machinery on his said premises.

3. The jury are instructed that a steam engine is not in itself a nuisance, nor is the manufacture of cigar and other light wooden boxes a nuisance, and if the jury find that defendant procured and used with his engine, and in connection with his business conducted on West Conway street, the best approved appliances to prevent the escape of smoke, soot, steam and other things injurious to plaintiff and his property, and that no noise or jarring was caused by the engine and machinery on defendant's premises, beyond that naturally and necessarily produced by the running of like machinery in good order and condition, and that defendant did such

other acts and things in conducting his business, on his premises, as in the judgment of the jury, would be reasonably required of him, to prevent injury to the plaintiff and his property, then the defendant is entitled to a verdict in his favor.

4. That if the jury find from the evidence, that the defendant conducted his factory in the ordinary business way and in a locality where there are other factories, then the wrong complained of must be naturally productive of actual physical discomfort, to persons of ordinary sensibilities and of ordinary taste and habits to entitle the plaintiff to recover, and the injury complained of must be material and direct from conduct of the defendant, without the operation of the other factories and manufacturing establishments, situate in the neighborhood of the dwelling of the plaintiff.

5. If the jury find from the evidence that defendant did not wrongfully cause to issue from the smokestack, on his premises, large quantities of offensive and unwholesome smoke, soot and other matter, which fell upon the ground and penetrated the premises of plaintiff, and that defendant did not, by noise and disturbing vibrations produced on his premises, render the rooms in plaintiff's dwelling unfit for habitation, and did not cause plaintiff to lose tenants, and the plaintiff was not unable to use the yard on his premises, for laundrying and other purposes, by reason of the causes above mentioned, and the defendant by the use of the steam engine and machinery, on his premises, and the manner he conducted his business, did not otherwise materially or substantially injure plaintiff's property or seriously interfere with his comfort or enjoyment thereof, then defendant under the pleadings and evidence in this case is entitled to a verdict in his favor.

6. If the jury believe that the tenants in plaintiff's premises, No. 418 West Conway street, left the same for

reasons, other than smoke, steam, cinders, soot, dust, noise or vibrations proceeding from defendant's adjoining premises, then plaintiff cannot recover damages for any loss of tenants.

The Court (STEWART, J.,) granted the plaintiff's first and third prayers, and refused his second prayer; and granted the defendant's second, fourth and fifth prayers, and refused his first, third, and sixth prayers. The defendant excepted, and the verdict and judgment being against him, he appealed.

The cause was argued before ALVEY, C. J., ROBINSON, BRYAN, FOWLER, ROBERTS, and McSHERRY, J., for the appellant, and submitted on brief for the appellee.

*C. Dodd McFarland,* (with whom was *Peter J. Campbell,* on the brief,) for the appellant.

*Oliver F. Hack,* and *William H. Cowan,* for the appellee.

ROBERTS, J., delivered the opinion of the Court.

This action was brought to recover damages for a nuisance. The appellee is the owner and occupier of the premises known as No. 418 W. Conway street, in the City of Baltimore, and the appellant the owner and occupier of the premises Nos. 414 and 416 in the same street. The former dwelt in his premises, and rented out rooms to lodgers—the latter occupied his premises as a home, and was at the same time engaged in the manufacture of cigar, and other light wooden boxes, using a steam engine and boiler in connection with his business. The evidence on the part of the appellee, shows that the use of said engine and boiler, produced loud and disturbing noises and annoying vibrations on his premises, and that large quantities of steam, oppressive smoke, dust, soot,

and cinders came from appellant's premises and settled on those of the appellee, and entered his house, injuring the same, and causing tenants to leave his premises, and causing appellee and his family great disturbance and discomfort. The evidence further shows that the smoke and soot from the engine entered the house of appellee, rendering it unfit for comfortable occupation, and also fell in his yard, making it unfit as a place of washing and drying the clothes of the family; and further proved that the said nuisances created by the appellant greatly depreciated the value of the appellee's premises, and very much reduced their rental value. The evidence submitted on the part of the appellant was in substantial denial of that which had been offered by the appellee, with the additional proof that he used the best appliances to prevent the escape from his premises of smoke, steam, cinders, and dust. In rebuttal the plaintiff offered evidence showing that the neighborhood was long built up, and was originally one used exclusively for domestic residences, and the factories, save one, are in other squares, and separated at intervals. The appellant, then offered as testimony in the cause, the original papers in the case of *Mitchell vs. Lloyd*, in the Circuit Court No. 2, of Baltimore City, which contained a mortgage on appellee's property on W. Conway street, mentioned in the evidence, including all the papers, and proceedings in said cause, showing a regular foreclosure of said mortgage, and final ratification of the sale of said property to the mortgagee. This offer was objected to and the objection sustained. The action of the Court upon the objection presents the only exception to the admissibility of evidence. We think the Court committed no error in refusing to admit this testimony; it certainly was not offered in its proper order. If it was relevant and proper to be considered by the jury, the defendant should have tendered the same when he pre-

sented his testimony in chief. Not having done so, he had no just cause for complaint that the Court refused to receive it when offered. But the testimony was clearly irrelevant. The fact that the property had been sold to the mortgagee, did not prevent the mortgagor, still in possession, from maintaining his action to recover damages for the injury produced by the smoke, soot, etc., and for loss of tenants, etc. If the appellee had been only a tenant, he could have maintained this action; the nuisance here was not of a permanent character, and could, at any time, have been discontinued. It is not essential that we go again into any elaborate discussion of the law of nuisance, since only recently, in the case of *Susquehanna Fertilizer Co. vs. Malone*, 73 *Md.*, 268, the subject has been thoroughly considered, and passed upon by this Court. Also in *Dittman and Berger vs. Repp*, 50 *Md.*, 520, and *Woodyear vs. Schaefer*, 57 *Md.*, 9.

2nd. The appellant insists that there was error in the Court below granting the appellee's first prayer, in that it does not properly limit the effect of the words, "injury" and "damage," by the use of some such restrictive word as "material" or "substantial." The force of this criticism is lost, when it is ascertained that the second, fourth, and fifth of the appellant's granted prayers give him the most ample protection respecting the omission from the appellee's first prayer of the qualifying words alluded to. The appellant's first prayer was properly rejected. The testimony very clearly shows that the appellant did not dwell in a commercial or manufacturing locality, and, if he had, the law would not permit him to maintain such a nuisance as he seeks to defend in this case. We come now to the consideration of the plaintiff's third prayer, which in our opinion should not have been granted. The prayer segregates from the mass of testimony one item of damage alone, and then proceeds to prescribe a rule to the jury "that

in awarding damages, they may consider any loss of *rental,* and also any discomfort to the plaintiff occasioned *thereby* up to the time of bringing this suit.'' This phraseology was well calculated to mislead the jury, who may very readily have believed from its uncertain terms that it meant to allude only to the question of the discomfort of the appellee, occasioned by his loss of rental, or of the discomfort occasioned by the facts set out in his first prayer. But it is indefinite and uncertain to an extent which can not justify us in giving to it our sanction. After the Court had granted the appellee's first prayer, there ought to have been no difficulty in framing appropriate instructions to the jury for their guidance in assessing the damages. This could have been done by a separate prayer, or could very properly have formed the conclusion to the first prayer, which contained a statement of the facts, upon which recovery was sought to be had.

One of the vices which the appellant criticized in the appellee's first prayer has been adopted by him in his sixth prayer, which the Court below very properly refused. The appellee's first prayer instructed the jury that if they found certain facts, then he was entitled to recover. The appellant's sixth prayer asks the Court to say in substance, that if they do not find those facts then the appellee is not entitled to recover. The prayer was unnecessary, only calculated to mislead and properly rejected.

*Judgment reversed, and*
*new trial awarded.*

(Decided 18th November, 1892.)