Filed Dec. 15, 1893.

———◆———

No. 1,002.

## THE LOUISVILLE, NEW ALBANY AND CHICAGO RAILWAY COMPANY *v.* RENICKER.

ASSIGNMENT OF ERRORS.—*Questioning Admissibility of Evidence.—Errors Jointly Assigned.— When Unavailable.*—When an assignment of error is that the court erred in the admission of certain testimony given by several witnesses upon divers subjects, the assignment is unavailable if any part of such evidence was properly admitted.

RECOVERY.—*When Contrary to Law.—Theory.*—A party must recover *secundum allegata et probata*, or not at all. If the evidence fails to establish the material allegations of the complaint, a recovery by the plaintiff would be contrary to law. The plaintiff must recover, if at all, upon the theory of the complaint.

From the Jasper Circuit Court.

*G. W. Kretzinger, E. C. Field, W. B. Austin* and *W. S. Kinnan*, for appellant.

*S. P. Thompson*, for appellee.

Ross, J.—The appellee filed her complaint in one paragraph against the appellant, as follows:

"The plaintiff, Anna Renicker, complains of the defendant, The Louisville, New Albany and Chicago Railway Co., and says that the defendant is a corporation

duly organized under the laws of the State of Indiana, and, on the 26th day of June, 1891, owned and operated a certain railroad, known as the Louisville, New Albany and Chicago Railway Co., with the track, cars, locomotives and other appurtenances thereto belonging, and was a common carrier of passengers for hire between Delphi, in Carroll county, Indiana, and the towns of Rensselaer and Fair Oaks, in Jasper county, Indiana, from which and to which the said railroad was built, operated and run for a long time before, at, and since said date; that on the said 26th day of June, 1891, the plaintiff, who was then aged nineteen years, purchased of the defendant a first-class ticket from the city of Delphi to the town of Rensselaer, aforesaid, and took passage on defendant's regular passenger train; that defendant, by its agents, to wit, its engineer, conductor, and brakeman, so negligently ran and operated said train of cars that the same did not stop at the platform and depot of the defendant at Rensselaer, Indiana, but ran by said platform a distance of six hundred feet before stopping. The plaintiff proposed to the defendant's servants, who were then and there acting in the line of their duty, to try to get off such train, but was assured that the train would back down to the platform, and plaintiff was, by said servants, while in the line of their duty, ordered and commanded to keep her seat until the train backed down to the platform, and, in obedience to said directions, the plaintiff made no effort to then get off the train. The defendant's servants, however, unlawfully neglected and refused to back said train to the depot at said station, and started towards Chicago, and, after going some distance, informed plaintiff that the train would stop at Surrey, a distance of five miles from Rensselaer, and the plaintiff consented thereto; whereupon said conductor, brakeman and engineer of the defendant, while acting in the line

of their duty, unlawfully and negligently stopped the train on a grade one mile from Surrey, and with great force and violence commanded and compelled the plaintiff to alight from the said train some six miles from the town of Rensselaer, and one mile from Surrey, and not at any platform or station, and in attempting to alight the plaintiff, by the negligence of defendant, was cast suddenly to the ground on an incline, and by reason thereof she sprained, bruised, and injured her ankle, knee, leg, and back to such an extent that she has been helpless and unable to perform labor, and has suffered, and still suffers, bodily pain, to her damage ten thousand dollars, and is also, by reason thereof, crippled and maimed and prevented from actively pursuing business for life, and without any fault or negligence of the plaintiff; and that her said injuries were all caused by the negligence, carelessness, willfulness, and improper acts of the defendant and its servants. Wherefore, the plaintiff says she ought to recover ten thousand dollars.

"The plaintiff alleges that although she is under the age of twenty-one years, yet her father, being a poor man, had, before the time of this accident, allowed and permitted the plaintiff to work for herself, and now consents that plaintiff prosecute this action in her own name, and plaintiff files herewith her father's relinquishment of his right of action, and his consent to act as her next friend, marked exhibit A, and made a part of this complaint. Wherefore plaintiff demands judgment for ten thousand dollars, and for all other relief."

To the complaint, appellant filed a demurrer for want of facts, which was overruled by the court and exception saved. There was a trial before a jury and a verdict for the appellee, assessing her damages at $700.

The appellant moved for a new trial. The motion was

The Louisville, New Albany and Chicago Railway Co. *v.* Renicker.

overruled and judgment rendered on the verdict in favor of the appellee.

The appellant assigns, in this court, three errors, but inasmuch as counsel have not argued the first and second errors assigned, they are waived.

The third error assigned is "The court erred in overruling appellant's motion for a new trial."

The motion embraces the following reasons for which a new trial was asked, viz:

"First. That the evidence wholly fails to prove or establish the averments as alleged in the complaint as amended.

"Second. That the evidence further changes the theory of the complainant's case as made and laid in the complaint as amended, and then, even though the evidence gives a right of action, it proceeds upon a different theory than that stated in the complaint.

"Third. That the plaintiff is not permitted, by evidence, to change the theory of the case as made in the complaint.

"Fourth. That the plaintiff having stated specific acts of negligence, she is required to rely thereon, and, failing thereon, leaves the case, as alleged and made in the complaint, without sufficient proof to entitle the complainant to a verdict or judgment, motion overruled, defendant excepts, and thereupon the court overruled said motion, which was error.

"Fifth. The court erred in refusing instructions requested to be given the jury by the defendant.

"Sixth. The court erred in giving instructions asked by the plaintiff.

"Seventh. The verdict of the jury is contrary to the evidence.

"Eighth. The verdict of the jury is contrary to the law.

"Ninth. The verdict of the jury is contrary to, and in disregard of, the instructions given by the court.

"Tenth. The damages awarded by the jury are excessive."

To all and each of which matters and things and rulings of the court above stated, the defendant then and now objects, and takes exceptions thereto, and to each of them severally.

"Eleventh. During the course of said trial, the following questions were propounded plaintiff, to which questions the defendant, by its attorneys, then and there objected and moved to strike out the answers thereto, which questions, objections, and reasons therefor, exceptions and answers to such questions and motions to strike the same and exceptions, thereto, were in the words following, to wit:

"Dr. M. B. Alter.

"Doctor, you may state if you know what the usual results are in restoring the system, after it is wounded or sprained, to a perfect condition, under the ordinary practice among the physicians?

"The defendant objects to this question upon the ground that a perfect state of restoration is not necessary; that it is immaterial; that a proper foundation has not been laid, for the plaintiff has not shown that this witness knows the difference between the highest state of restoration possible within his knowledge, and to prove the prior condition of the individual upon which he based his judgment. And the facts upon which opinion is to proceed are not stated, and question does not limit witness to facts proved or stated to jury, and under both of these conditions, his evidence is not admissible.

"Objection overruled.

'A. In a country practice, as the physicians are in this town, there are but few cases of fractures or bad dis-

The Louisville, New Albany and Chicago Railway Co. *v.* Renicker.

locations, and, under those existing, there are but very small per cent. of them become perfect.

"Mrs. Eliza Renicker.

"Q. State what has been her condition as to being able to do work, say, since the 26th day of June, 1891.

"The defendant, objects on the ground it calls for a conclusion.

"Objection overruled. Defendant excepts.

"A. She complained of her knee and her back.

"Answer stricken out.

"Q. What I want to know is, how much work she could do.

"A. She could not do much work; she would complain it would hurt her back if, she stood much on her feet.

"Defendant moves to strike out the part of the answer 'she would complain,' also the part of the answer 'that it would hurt her back,' because conclusions.

"Motion overruled. Defendant excepts.

"John Renicker.

"Q. I will ask you to state to this jury whether or not you visited the place on the railroad where your sister claims that she got off the train.

"A. Yes, sir.

"Q. Now, where was that place?

"Defendant objects. Objection overruled. Defendant excepts.

"Samuel B. Thornton.

"Q. Now, how was the railroad track at this time?

"Defendant objects to the question because it relates to track and its condition at a time after alleged accident, and, therefore, not admissible or relevant.

"Objection overruled. Defendant excepts.

"Edgar Thornton.

The Louisville, New Albany and Chicago Railway Co. v. Renicker.

"Q. Now, were you informed where she alighted from the cars?

"Defendant objects. Objection overruled. Defendant excepts.

"A. On the grade.

"Q. How far was that from the station?

"A. In my judgment, between 95 and 100 rods.

"Grant Renicker.

"Q. Where did you see her?

"A. At my brother John's home.

"Q. Now, you may state whether your brother John was married at that time.

"A. Yes, sir.

"Q. You may state if it was the only place she had relatives near Surrey.

"Defendant objects. Objection overruled. Defendant excepts.

"A. Yes, sir.

"Q. Now, Mr. Renicker, you may state to the jury what your sister has been able to do in the way of work since that time, so far as you have observed.

"Defendant objects to the word 'able'.

"Q. What has she been doing about the house?

"A. She has not done so very much.

"Q. State just what you know.

"A. She was not able to wash, or to walk around hurt her.

Q. (By the court) Are you testifying now from what she told you?

"A. Yes, sir.

"Annie Renicker.

"Q. What is the fact, Annie, about how many times you have traveled on the cars?

"Defendant objects to the question upon the ground that

The Louisville, New Albany and Chicago Railway Co. *v.* Renicker.

it is wholly immaterial whether she was ever on the cars previous to this day, alone or with anybody.

"Objection overruled.   Defendant excepts.

"Dr. Longhridge.

"Q.   You have not had a pass on their road lately?

"A.   Not for a year or so.   I always charged the company for whatever I did for them.

"The defendant moves to strike out the question and answer of witness touching the evidence as to a pass or free transportation over company's road, upon the ground that the evidence does not tend to show witness in employ of defendant, does not tend to prove issues, and upon these two grounds, and upon general rules, it is certainly inadmissible, irrelevant, and immaterial.

"Motion overruled.

"By the court:   The jury are not to consider the question as to whether the doctor had a pass over the road; only so far as his credibility is concerned, as it was last year he had a pass.   The jury are only to consider it for the purpose of credibility, and for no other purpose.

"Q.   Suppose, doctor, a young person is excited and scared, and jumped from a train and injured her leg, and tried to walk some distance on the railroad ties, walking eighty rods, and then walked upon smooth ground, and stopping, left her satchel and rested, it is not impossible for her to walk that distance; there is nothing unusual in that?

"Defendant objects. Objection overruled.   Defendant excepts.

"A.   No.

"Q.   Now, suppose a person should receive a sprain in the leg and should go lame and would apply liniments, such as arnica and other medicines of that kind, and rub the parts that were injured, and take what rest

they could, would that be proper treatment, so far as it went?

"A.  Yes, sir.

"Q.  Suppose they continued that treatment for a short time and then consulted a physician, and then, substantially following the physician's directions, what would you say to that?

"Defendant objects to the question upon the ground that the plaintiff failed to follow the directions of the physician.

"Objection overruled.    Defendant excepts.

"A.  I think they should have been followed directly.

"Annie Renicker.

"Q.  Where was Mr. Kenton when you went to the house that morning?

"A.  When I first came to the house I did not see him. When I came in Mrs. Kenton had the breakfast just nearly ready, when he came in, and we were talking about what times we had, and we went back into the room, and I told them how it came I did not get off at Rensselaer.

"Defendant objects.    Objection overruled.    Defendant excepts.    And, for reasons appearing upon the face of said record, defendant prays for a new trial."

The first, second, third and fourth reasons are not well assigned.

The fifth, sixth, ninth and tenth reasons are waived because not argued.

The eleventh cause assigns as error the admission of the testimony of several witnesses upon divers subjects. Under this reason for a new trial, if any part of the evidence objected to was proper, the assignment is not well taken.    A considerable portion of the testimony objected to was proper, and there was no error in overruling the objections thereto.

It also appears that the objections to the evidence offered were too general. Objections to evidence must be reasonably specific.

The seventh reason is no longer a statutory reason for a new trial. Section 559, R. S. 1881.

The eighth reason is the only one which can be considered by this court.

It is insisted, on behalf of the appellant, that the case established by the evidence is not the cause of action alleged in the complaint.

"A motion for a new trial, upon the ground that the verdict or decision is contrary to law is somewhat in the nature of a demurrer to the evidence. It admits all the evidence given upon the trial, but says that as the verdict or decision based upon such evidence is contrary to the general principles of the law applicable to the issues involved, judgment should not be rendered thereon. Such a motion presents to the *nisi prius* and appellate courts a question of law merely. Each court is required to make an application of the law to the evidence, and determine whether the verdict or decision is contrary to the principles of law which should govern the cause." Buskirk's Prac., 239; *Bosseker* v. *Cramer*, 18 Ind. 44; *McGuire* v. *State*, 50 Ind. 284.

It is the settled law that the plaintiff must recover, if at all, upon the theory of her complaint. *Boesker* v. *Pickett*, 81 Ind. 554; *Hewitt* v. *Powers*, 84 Ind. 295; *Western Union Tel. Co.* v. *Reed*, 96 Ind. 195; *Ivens* v. *Cincinnati, etc., R. W. Co.*, 103 Ind. 27; *Chicago, etc., R. R. Co.* v. *Bills*, 104 Ind. 13; *Pennsylvania Co.* v. *Marion*, 104 Ind. 239; *Louisville, etc., R. W. Co.* v. *Godman*, 104 Ind. 490; *Spencer* v. *McGonagle*, 107 Ind. 410.

What, then, is the theory of the cause of action alleged in the complaint? Is it to recover damages for being carried past her destination or for injuries received

while alighting from appellant's train? The complaint is wholly insufficient as stating a cause of action upon the former theory. *Pittsburgh, etc., R. W. Co.* v. *Lightcap*, 7 Ind. App. 249, and cases cited; *Chicago, etc., R. R. Co.* v. *Bills, supra*, and cases cited.

We think, however, that the gist of the action is that the "defendant unlawfully and negligently stopped the train on a grade one mile from Surrey, and with great force and violence commanded and compelled the plaintiff to alight from the said train some six miles from the town of Rensselaer and one mile from Surrey, and not at any platform or station, and, in attempting to alight, the plaintiff, by the negligence of the defendant, was cast suddenly to the ground on an incline, and by reason thereof she sprained, bruised, and injured her ankle, knee, leg, and back," etc.

Upon this theory must the evidence sustain the verdict, or it will be contrary to the law of the case.

There is no evidence to make a case under the issues. While the evidence may be sufficient to entitle the appellee to recover for being carried past her destination, she was not entitled to a verdict and judgment upon that theory, because that is not the cause of action alleged in her complaint. In fact the evidence wholly fails to establish the fact that the appellee was injured at the time or under the circumstances alleged in the complaint.

Counsel for appellee, in his contention, says: "The appellee wanted to go to her mother's house, near Rensselaer. . Rensselaer was her first choice, Surrey second choice, and Fair Oaks third choice. This choice was compulsory and caused by the wrongful and negligent acts of the appellant in not permitting appellee to alight where her ticket entitled her to a discharge. Appellee bought a ticket at Delphi for Rensselaer; at Rensselaer

appellant's train passed the platform, promised to go back, but went on. The brakeman hallooed Surrey three times, took appellee's valise out of the car and set it on the ground, reached his hand out as if to support appellee, and she jumped. The support was not given, and appellee was deceived. She had a right to rely on the professed support of appellant's servant in the line of his duty. The command or call was repeated three times, and no doubt with great force and violence, Surrey, *Surrey, Surrey.* * * * The evidence thus clearly makes out a plain case of negligence against appellant, and there was no perceptible change of theory.''

If we are correct in our conclusions as to the theory of the complaint, and we think our conclusions as to its theory is correct, the evidence fails to establish the material allegations of the complaint; hence it follows that the verdict can not stand, because it is contrary to the law applicable to the case. It is not sufficient to say that the evidence is sufficient to entitle the appellee to recover upon some theory, but the question is, does it entitle her to recover upon the theory of the issues. The evidence must establish the case made by the complaint, and if there is no evidence to sustain the cause of action upon the theory of the complaint, the verdict is contrary to law.

As said by the court in *Bosseker* v. *Cramer, supra:* "We think that a verdict which is contrary to law, is one which is contrary to the principles of law as applied to the facts which the jury were called upon to try; contrary to the principles of law which should govern the cause." *Robinson Machine Works* v. *Chandler*, 56 Ind. 575.

In the case of *Boardman* v. *Griffin*, 52 Ind. 101, the court said: "When the trial of a cause is by the court, instead of a jury, whether the court is required to find

the facts specially or not, it can not, any more than a jury can, go outside of the case made by the pleadings. In such cases, as well as in others, the parties must recover upon the allegations of the pleadings. They must recover *secundum allegata et probata*, or not at all. It must be so, in the nature of things, so long as our mode of administering justice prevails. It would be folly to require the plaintiff to state his cause of action, and the defendant to disclose his grounds of defense, if, on the trial, either or both might abandon such grounds and recover upon others, which are substantially different from those alleged." *Paris* v. *Strong*, 51 Ind. 339; *Terry* v. *Shively*, 64 Ind. 106; *Judy* v. *Gilbert*, 77 Ind. 96; *Hays* v. *Carr, Admr.*, 83 Ind. 275; *Thomas* v. *Dale*, 86 Ind. 435; *Cleveland, etc., R. W. Co.* v. *Wynant*, 134 Ind. 681; *Hasselman* v. *Carroll*, 102 Ind. 153; *Brown* v. *Will*, 103 Ind. 71; *Louisville, etc., R. W. Co.* v. *Godman*, 104 Ind. 490.

A new trial ought to have been granted the appellant, for the reason that the verdict of the jury is contrary to the law applicable to this cause.

Judgment reversed, at the cost of appellee, with instructions to sustain appellant's motion for a new trial.

Filed Dec. 20, 1893.