The CLEVELAND, CINCINNATI, CHICAGO & ST. LOUIS RAILWAY COMPANY *v.* KING.

[No. 3,036.  Filed January 2, 1900.]

TRIAL.—*Complaint.—Theory.*—Where plaintiff, in the trial of an action for damages to property caused by a nuisance, upon objection being made to certain testimony offered, at the request of the court, stated that the theory of her complaint was for permanent damages,

and defendant withdrew its objections, and the court stated that he would instruct the jury upon the theory so announced, the plaintiff will be held to such theory.    *p. 575.*

NUISANCE.—*Abatement.—Permanency of Injury.—Measure of Damages.* —Where the acts complained of in an action for damages to plaintiff's property and the comfortable enjoyment thereof consisted of defendant's casting into a large pond near her premises carloads of dirt and offensive material, causing thereby the water to become foul and poisonous, the nuisance was one which could be abated, and plaintiff could not recover for the permanent injury to her property.    *pp. 576-586.*

SAME.—*Permanency of Injury.—Excessive Damages.*—Where in the trial of an action for damages to plaintiff's property caused by a nuisance created and maintained by defendant there was no evidence of specific physical injury to the property except the pollution of the water of a well on the premises, and the rental value of the premises prior to the nuisance was shown to be $7 a month, and during its continuance, twelve months, the rental value was $2 a month, and the nuisance was one which could be abated, a judgment for $900 was excessive.    *pp. 576-586.*

From the Ripley Circuit Court.    *Reversed.*

*J. T. Dye, J. O. Cravens, B. K. Elliott* and *W. F. Elliott,* for appellant.

*J. H. Connelly, F. S. Jones, F. E. Gavin, T. P. Davis* and *J. L. Gavin,* for appellee.

COMSTOCK, J.—Appellee in her complaint alleges that appellant created and maintained a nuisance, to the damage of her property and the comfortable enjoyment thereof. The acts complained of consisted in casting into a large pond adjacent to appellee's premises carloads of dirt and offensive material, causing thereby the water to become foul and poisonous. Appellee's dwelling-house and premises were located some 100 feet from the pond, and, before the acts complained of, was used for the purpose of a residence by herself and two children. The water of the well on the premises was polluted by underground drainage from said pond and rendered unfit for use. That by reason of the placing of the offensive substances in said pond and the stenches arising therefrom, she and her children were made

sick, and her property was damaged in the sum of $1,000, and that she suffered irreparable loss in the sum of $3,000.

A verdict was returned against appellant upon which judgment was rendered in favor of appellee for $900. With the general verdict answers to interrogatories were returned. Appellant's motions for a new trial and for judgment on the answers to interrogatories were overruled. These rulings of the court are assigned as error.

Among the reasons for a new trial are the following: (1) "The verdict of the jury is not sustained by sufficient evidence; (2) the verdict of the jury is contrary to law; (3) error in the assessment of the amount of the recovery, the same being too large."

The nuisance, as shown by the evidence, was caused by throwing deleterious substances into a pond which had been used for the purpose of supplying water for the engines of appellant. The offensive stenches were not observed until the spring of 1896. During the progress of the trial, objections were made to certain testimony offered by the appellee. "After said objection was made by the defendant, the court thereupon requested plaintiff to state the theory of her complaint, whether she was seeking to recover for a permanent injury to property or for a continuous wrong. Plaintiff's attorney thereupon stated to the court and counsel for defendant that the theory of the complaint was for permanent damages to plaintiff's property. The court thereupon announced that it would be so considered and treated, and he would so instruct the jury. Defendant's counsel thereupon stated that they were satisfied if that was the theory of plaintiff's case and would not object to the testimony." To the theory thus announced appellee must be held. *Louisville, etc., R. Co.* v. *Renicker*, 8 Ind. App. 404; *Cleveland, etc., R. Co.* v. *Dugan*, 18 Ind. App. 435, and authorities there cited. It follows that the question presented is, does the evidence show a permanent nuisance?

Where the injury is of a permanent character, that is,

one that can not be discontinued, there is a permanent injury. If the evidence fails to show a permanent injury, the theory of the complaint is not supported, and the verdict must be contrary to law. *Louisville, etc., R. Co.* v. *Renicker, supra; Equitable Ins. Co.* v. *Stout*, 135 Ind. 444.

The pond in question was not constructed by appellant. The evidence does not show that the pond itself constituted a nuisance. The injury was caused by throwing filth into the water. The question is not here presented whether upon proper complaint appellee could recover damages for injuries during the existence of the nuisance and up to the time of the commencement of the action, but whether she can recover upon proof of temporary injury. A nuisance which may be discontinued is not a permanent one. *Lurssen* v. *Lloyd*, 76 Md. 360, 25 Atl. 294; *Pond* v. *Metropolitan, etc., R. Co.*, 112 N. Y. 186, 19 N. E. 487.

In *Nashville* v. *Comar*, 88 Tenn. 415, 12 S. W. 1087, 7 L. R. A. 465, it was said: "The law will not presume the continuance of a wrong."

In §1039 Sutherland on Damages, it is said: "In the first suit for such a nuisance it can not be proved, nor will the law assume that the injury will continue."

In *Steinke* v. *Bentley*, 6 Ind. App. 663, this court said: "While there may be some difference of opinion upon the proposition, we think the correct rule is that in such a case as this it may reasonably be anticipated that the wrongdoer will remove the cause of injury rather than respond in continued damages." The foregoing authorities warrant two propositions: (1) That the presumption is that a nuisance that can be abated will be abated. (2) That damages as for a permanent injury to property can not be recovered "for an injury which might never occur." A nuisance may be of a permanent character, but one which may be discontinued, and which the law presumes will be, is not of that character.

Where the wrong constituting the nuisance is not permanent, but may be discontinued, the measure of damages

is not the depreciation in the value of the property.   *Baugh
v. Texas, etc., R. Co.,* 80 Texas 56, 15 S. W. 587; *Pond
v. Metropolitan, etc., R. Co.,* 112 N. Y. 186, 19 N. E.
487; *Brewing Co.* v. *Compton,* 142 Ill. 511, 32 N. E. 693,
18 L. R. A. 390; *Bare* v. *Hoffman,* 79 Pa. St. 71; *John-
son* v. *Porter,* 42 Conn. 234; *Aldworth* v. *City of Lynn,*
153 Mass. 53, 26 N. E. 229, 10 L. R. A. 210.

The following causes draw the distinction between perma-
nent and temporary nuisances: *Hargreaves* v. *Kimberley,* 26
W. Va. 787; *Watts* v. *Norfolk, etc., R. Co.,* 39 W. Va. 196,
19 S. E. 521, 23 L. R. A. 674; *Smith* v. *Railroad,* 23 W.
Va. 453.   In *Hargreaves* v. *Kimberly, supra,* evidence was
admitted showing a permanent depreciation in value; the
court held this was error, saying, "Here the cause may be
removed, and it is supposed will be by the defendant, rather
than submit to having the entire damages recovered against
him, for a permanent injury, or to suffer repeated recoveries
as long as the cause of the injury continues. The court erred
in admitting this evidence, and for this reason the judgment
will have to be reversed."   It not appearing that the nuisance
in the case before us can not be abated (the presumption
being that it will be abated), it must be held to be temporary
within the meaning of the law.   In such case, the measure of
damages is the injury to the use of the property, the depre-
ciation in the rental value.   *Jackson* v. *Kiel,* 13 Col. 378,
22 Pac. 504, approved the rule stated by Sutherland on
Damages, §414.   It is there stated:   "The right to recover
if established includes the depreciation of rental value, by
the difference, in other words, between the rental value free
from the effects of the nuisance and subsequent to it."

In *Shively* v. *Cedar Rapids, etc., R. Co.,* 74 Iowa 169,
37 N. W. 133, the court said:   "The alleged nuisance is not
necessarily a permanent one, but may be abated at any time
by the defendant.   Plaintiff would not have been entitled to
recover the full value of his property even though he had

shown that it was valueless while the nuisance existed, because it might prove to be but temporary, hence the depreciation in the rental value, under the facts in this case, was the proper measure of plaintiff's recovery." *Loughran* v. *City of Des Moines*, 72 Iowa 382, 34 N. W. 172.

The recent case of *City of New Albany* v. *Lines*, 21 Ind. App. 380, was an action for damages occasioned by reason of a street and sewer improvement. By reason of the construction of the street, and the insufficiency of the sewer pipe to perform its office, the surface water and drainage were thrown back upon the premises of plaintiff, rendering it less desirable as a place of residence; by reason of the accumulation of unwholesome animal and vegetable matter stenches and vapors arose therefrom, making appellee sick, and compelling him to move out until he recovered his health; appellees were unable to rent said premises by reason of the conditions aforesaid, and the value of the real estate was greatly reduced. The court, by Black, J., said: "It is not to be presumed that the city will continue indefinitely to maintain such a condition, injurious not merely to property owners immediately adjacent, but also to all residing within reach of the offensive and unwholesome vapors so produced, or that it will not provide reasonable means whereby the water so collected will cease to be thrown back upon the adjacent private property; nor can the plaintiff, by bringing such an action as this, be regarded as accepting such a condition as permanent, and agreeing that it is never to be remedied by the city."

The learned counsel for appellee have cited numerous decisions as upholding the judgment of the trial court, and we briefly refer to them. In *Hyde Park, etc., Co.* v. *Porter*, 167 Ill. 276, 47 N. E. 206, it was held that when an electric light plant, the operation of which must permanently injure adjacent premises, was constructed and tested by one person and sold by him to another, who operated it, an action for damages might be maintained against either or both, but

only one recovery could be had. The court stated in the opinion that there was no want of evidence that the steam, smoke, ashes, soot, and cinders were cast upon plaintiff's premises and with the jarring and vibrating resulting from the operation of the plant had materially damaged the plaintiff's property.

In *Denison, etc., R. Co.* v. *O'Malley*, 18 Texas Civ. App. 200, 45 S. W. 227, appellant constructed a railroad on Travis avenue in Denison, Texas, and in doing so made a cut in said avenue from eight to nine feet in depth along the entire front of appellee's property abutting on said street. Appellee's approach to her property was practically cut off. Appellant had also erected and had in use cattle pens within about 300 feet of appellee's property, and she was annoyed by the noise and disagreeable odors proceeding from these pens. The court held that the evidence showed the stock pens to be permanent in their nature, and the damage resulting from and incident to their operation is of a permanent character. Appellant contended that the damage resulting from the operation of the stock pens, and the use of improper language by persons handling the stock, is not measured by the difference in the value of the property with and without these annoyances, and based upon the supposition that it will continue, but is the damage caused by the temporary annoyance. The court did not approve of this view.

*Bassett* v. *Johnson*, 2 N. J. Eq. 154, is cited to sustain the claim that the nuisance in the case at bar is permanent. The bill charged that the defendants were erecting a dam in a creek; that the dam prevented the draining of the meadows of the complainant lying above it and rendered them useless, causing them to be overflown. The object of the bill was to enjoin the further building of the dam and to abate it as a private nuisance. In commenting upon an instruction given by the chancellor, the court said, that "an injury may be permanent in the sense of the word used in the issue with-

out continuing for ever. * * * Many cases are put showing a permanent injury though not continuing forever, as the common one of cutting down an orchard, although a new one may be planted, which might in process of time be better than the one cut down." The instruction is not set out in the opinion, but the court said it saw nothing in it to divert the jury from the true question before them.

*Rosenthal* v. *Taylor, etc., R. Co.*, 79 Texas 325, 15 S. W. 268. Damages caused by the noise, smoke, cinders, and soot of passing trains may be recovered by property owners. The court said: "As to the measure of damages in such cases the authorities are not altogether in accord. Since in most cases a nuisance may be abated by the injured party, and since the wrong-doer may voluntarily remedy the wrong by removing it, the general rule seems to be that ordinarily the party damaged must bring his action for such damages as have accrued up to the institution of the suit and can not recover for any prospective injury. That rule has been adopted in a case very similar to this. *Hopkins* v. *Railroad Co.*, 50 Cal. 190. But there are other cases which announce a contrary doctrine, and we think with the better reason. *Railroad Co.* v. *Grabill*, 50 Ill. 241; *Kemper* v. *Louisville*, 14 Bush 87; *Seeley* v. *Alden*, 61 Pa. St. 302; *Troy* v. *Railroad Co.*, 23 N. H. 102; *Finley* v. *Horshey*, 41 Iowa 389; *Fowler* v. *New Haven, etc., Co.*, 112 Mass. 338. In the case last cited the court say: 'The case at bar is not to be treated in this respect as an action for an abatable nuisance. More accurately it is an action against the defendant for the construction of a public work under its charter in such a manner as to cause unnecessary damage by want of reasonable care and skill in its construction. For such an injury the remedy is at common law. If it results from a cause which is either permanent in its character or which is treated as permanent by the parties, it is proper that the entire damage should be assessed with reference to the past and probable

future injury.' " *Baltimore, etc., R. Co.* v. *Church,* 108 U. S. 317. That is a nuisance which annoys one in the possession of his property and when the annoyance is continuing, courts of equity will restrain the nuisance. The rights of a religious corporation to recover for a nuisance which annoys the members are the same as those of individuals for the same wrong. Damages are not limited to a mere depreciation of the property, but may be given for the inconvenience and discomfort caused to the congregation which tends to destroy the use of the building for church purposes. The nuisance complained of was the use of the engine-house and the operating of the repair-shop of the railroad company.

*City of Paris* v. *Allred,* 17 Texas Civ. App. 125, 43 S. W. 62, was an action for damages for a nuisance. The evidence showed the construction and operation of a sewer by defendant whereby its sewage was discharged into a branch running through plaintiff's lands, rendering the water unfit for use, carrying the noxious matter upon his lands, and poisoning the air about his dwelling-house, which nuisance appeared to be permanent in its character. Held sufficient to establish plaintiff's allegations as to permanent damages to his land and to support a verdict for plaintiff on such issue. And where a nuisance created and maintained by the defendant was of a permanent character, plaintiff was entitled to recover in a single action all the damages that have accrued or may accrue in consequence of such injury, the measurement thereof being the depreciation in the value of his lands by reason of such nuisance.

Cases are cited from the supreme court of Iowa. In such it is held that there can be but one recovery. In *Randolf* v. *Town of Bloomfield,* 77 Iowa 50, the owner of a homestead, in an action to recover for a nuisance affecting his homestead and the health and comfort of his family, is not limited to the damage sustained by reason of the depreciation of the rental value of the property, but is entitled to recover for the inconvenience and discomfort suffered and

the depreciation of the comfortable enjoyment of the property by himself and family. Sutherland on Damages, §1051, citing this case in the foot-note substantially adopts the language of the court. The following from the same section, we deem pertinent: "A plaintiff suffering from a nuisance by water flooding the ground about his house, destroying his shrubbery and garden and injuring the health of his family, may not only recover for the injury to the house and lot, but he may prove physicians' bills, loss of time of his family on account of sickness caused by stagnant water, not as constituents of the measure of damages, but for the purpose of showing the extent to which the value of the .property has been lessened by reason of the acts complained of."

*Finley* v. *Hershey*, 41 Iowa 389, was an action to recover damages sustained by plaintiff on account of defendant's wrongfully filling up a slough or arm of the Mississippi river, upon which a slaughter and packing-house owned by the plaintiff was situated. The court announced the law as to the rights of riparian owners. Held that one injured by a pond of water did not have the right to fill up the bed of the water, but might remove the cause rendering the water offensive, or restrain the parties whose acts produced the result and that the measure of damages sustained by riparian owners by the unlawful filling up of a pond is the depreciation thereby occasioned in the value of the property, and both the effect from its present use and upon its permanent value should be considered.

For the reason, as stated by Sedgwick on Damages, §92, that where injury is caused by a trespass on the plaintiff's land, since the defendant cannot remedy the wrong without another trespass, the injury is not continuing, but inflicted once for all and full compensation is recovered by one action. The opinion in the case of *Wells* v. *New Haven, etc., Co.*, 151 Mass. 46, 23 N. E. 724, holds that the construction of a culvert across a water course is a continuing nuisance;

that successive actions may be maintained, and that an action is not barred by the six years limitation, the court evidently holding that the injury was temporary.

The case of *Texas, etc., R. Co.* v. *Marshall,* 136 U. S. 393, is cited by counsel for appellee as illustrating the meaning of the word "permanent." The action grew out of the removal of the railway shops that had been located under a contract. It was held that the word "permanent" in the contract should be construed with reference to the subject-matter of the contract, and that under the authorities of the case, the contract for the permanent location of the shops had been complied with by the establishment of the terminus and the offices and shops of the company contracted for with no intention at the time of removing or abandoning them.

In *Givens* v. *Van Studdiford,* 4 Mo. App. 498, an action for damages for keeping a bawdy house on premises adjoining the plaintiffs, because of which plaintiff claimed that his house was vacated by his tenants and the property depreciated in value. The court held that the measure of damages was the difference in the selling value of the property and the loss of the rent occasioned by the nuisance. We are of the opinion that this decision can not be reconciled with the general rule. It will not be presumed that a brothel which may be abated will be continued.

We think it may be fairly said from the consideration of the cases referred to, and from many others that might be cited, that where damages have been allowed for prospective injury that the cause, the nuisance, was deemed to be permanent in its nature, although courts have differed as to what was permanent or temporary injury. It is said in Sutherland on Damages, *supra,* §2280: "The owner of the freehold may undoubtedly recover for an injury which permanently affects or depreciates his property. * * * The damages for use must not represent the damages for the permanent injury." So damages for the injury to real

property, amounting to waste or the destruction of portions of it necessary to its convenient use may be recovered in addition to compensation for depreciation in rental value. Sedgwick on Damages, at §91, says: "As stated above, a wrongful act may create a nuisance which will continue and each moment of its continuance will be a new tort. If in such case action is brought, compensation can be had only for loss caused before bringing the action. Thus in an action for flowing land or in polluting a water course, compensation can be had only for loss accruing before the date of the writ." At §95, the same author states the rule as follows: "If the injury is caused by erecting a structure or making a use of land which the defendant has the right to continue, the injury is regarded as committed once for all and action must be brought to recover the entire damages, past and future." The author gives illustrations of nuisances caused by the construction of railroads, the enlargement of water-ways, construction of sewers and culverts; illustrations which might be added to by several cases hereinbefore cited.

Counsel for appellee call attention to the fact that there is evidence that the well on appellee's premises was rendered unfit for use, and that this was a specific physical injury and damage to the property that is lasting and permanent. As already said, there may be a recovery for a specific injury to property. Depreciation in value is only an element of damage where the nuisance is permanent. There may be a recovery for a specific injury to property, a recovery sufficient to reimburse the owner for the expense of repairing the particular injury done, but where the cause of the injury can be abated, there can be no recovery for a depreciation in the value of the property. If the contamination of the well can be considered, as claimed by appellee, a direct physical injury to the property, under the *City of South Bend* v. *Paxon*, 67 Ind. 228, a case upon which appellee strongly relies, there should be some evidence of the value of the well. In the absence of such evidence the

Cleveland, etc., R. Co. *v.* King.

amount of the verdict would seem excessive. In the case last mentioned, the court decided that where by reason of the wrongful construction of a culvert across a natural water course water is thrown upon the property of another, and the property physically injured (as was true in that case), there may be a recovery for the actual physical injury and in addition a recovery for the time for which the owner has been actually deprived of the use of the property. But in the case at bar, the question is, can appellee recover for a permanent injury to her property where it is not proved that the nuisance was permanent? Appellee quotes from Sutherland on Damages, §1042, as follows: "If the injury to real estate is in the nature of waste, as where a factory is demolished, trees destroyed, fences broken down, there is no legal obligation or duty resting upon the wrong-doer to abate the wrong or repair the mischief. He is liable only for damages; only one action can be maintained and he is liable in that for the whole damages, prospective as well as retrospective." The case described is not the one before us. Apart from the injury to the well, there is no evidence of physical injury to appellee's premises, and there is certainly no evidence to warrant, on that account, the damages assessed. It must be presumed that the pond could be drained and that appellant would discontinue the depositing of the offensive substances complained of. The witnesses differed in their opinions as to the length of time it would take for the poison to be absorbed, ranging from months to a year or more; all were indefinite. From this testimony counsel for appellee argue that the nuisance is permanent. They insist that the word permanent in this connection does not necessarily mean forever, or that the nuisance should be perpetual. While this is true, the word always conveys the idea of "a continuance in the same state." The nuisance in question does not answer this definition, because it must be presumed that the pond can be drained and that appellant will not continue its perpetration of a wrong. Whether the well be

regarded as a constituent part of the rental value· of the premises and no more, or whether the pollution of its water be deemed a physical injury to the premises, there could not in either event be a recovery except for injury done up to date of the action. The rental value of the premises prior to the nuisance was shown to be $7 a month; during its continuance, $2 a month; the time of continuance twelve months; making the ·depreciation in the rental value $60. The value of the well is not shown. We conclude that the amount of the judgment is excessive. The conclusion reached renders it unnecessary to consider the other questions discussed.

The judgment is reversed, with instruction to the trial court to sustain appellant's motion for a new trial.