## HENRY SWANTZ
### v.
## JOHN MULLER.

*Former Adjudication—Riparian Rights—Dam—Successive Actions for Damages—Nominal Recovery—Estoppel.*

1. The doctrine of *res adjudicata* extends to the grounds of recovery and defense which might have been but were not presented.

2. Where the owner of lands has brought suit to recover damages for prospective as well as present damages, alleged to have resulted thereto from the erection of a dam and changes in the flow of water, he can not subsequently maintain an action to recover damages for the depreciation in the value of his land.

3. The recovery of merely nominal damages in the first action does not warrant the presumption that the question of permanent injury was not considered by the jury.

[Opinion filed September 19, 1888.]

APPEAL from the Superior Court of Cook County; the Hon. ELLIOTT ANTHONY, Judge, presiding.

This is an action by appellant against appellee to recover damages for continuing and maintaining a certain dam by appellee on his land, by reason of which, it is alleged, the surface waters and watercourses flowed therefrom out of their natural courses upon land of appellant, injuring his orchard, land and barn, and interfering with his business of farming.

The declaration, as amended, contained the usual averments, reciting that he was the owner and possessor of certain lands, together with a certain orchard, orchard grounds and cattle barn thereon; that certain surface waters or watercourses had run and flowed in the natural watercourses or channels from land of defendant in and upon land of plaintiff, south and clear of said orchard, orchard grounds and cattle barn; that plaintiff was a farmer, and used such grounds for raising of vegetables, etc., and that such surface waters irrigated and drained his land; that defendant, on March 15, 1885, wrongfully erected and constructed a certain dam above land of plaintiff, whereby such surface waters were directed from their natural courses and flowed in, upon and through such orchard, orchard grounds and cattle barn; that on the 13th day of June, 1885, the plaintiff commenced certain proceedings in the Superior Court of Cook County for the wrongful erection and construction of said dam against the defendant, and that on the 13th day of March, 1886, he recovered a judgment of one cent damages and costs of suit, and which judgment has never

been reversed, and is now the final adjudication of the rights of the plaintiff and defendant concerning the matters at issue in such proceedings; that defendant, from the day of recovery of said judgment until the commencement of the present suit, wrongfully suffered and permitted the said dam to remain, and be maintained, although requested to remove the same; by reason of said grievances the plaintiff could not use his said land, orchard grounds and cattle barn, and follow his said business in so extensive and beneficial a manner as he otherwise would have done, and was thereby deprived of the use and enjoyment of the same, and of the profits and gains which he otherwise would have made, and thereby the land of the plaintiff became, was and is, depreciated in value.

The declaration of the case now under consideration set out *in haec verba* the declaration in the original suit. The latter declaration consists of three counts, the third of which contained the allegation that the land of plaintiff became depreciated in value; the other two counts made no allusion to such depreciation, but all the elements of damage charged in the declaration in this case were set up and relied on in the declaration filed in the suit first brought.

A demurrer to the declaration was sustained by the court below, and judgment for costs entered against appellant, from which he appeals to this court.

Mr. B. M. SHAFFNER, for appellant.

No technical objection was taken or made to the declaration, but the court below sustained the demurrer on the ground that the recovery of one cent damages in the former suit, for the erection and construction of the dam and obstruction, was a bar to a further recovery for the continuing of the same.

The demurrer admits the continuing of the dam or obstruction, and every continuation thereof is a fresh trespass. Holmes v. Wilson et al., 10 Ad. & El. 503.

Upon the recovery of the judgment, although nominal damages only, it was presumable that appellee would thereupon abate the wrong and nuisance; but instead, he continued and maintained it.

Swantz v. Muller.

In McConnell v. Kibbe, 33 Ill. 178, the Supreme Court say: "The right infringed is property, and for its invasion nominal damages may be recovered; but such recovery is no bar to a suit for actual damages subsequently sustained, where they did not take place before the commencement of the former suit."

The principle of the common law, in cases of this kind, is that successive actions can be brought as long as the obstruction exists. 1 Sedg. on Damages, 280.

And the law does not presume that the wrong will continue, and therefore damages for overflowing lands are limited to those which occurred before the bringing of the action. Savannah & Ogeechee Canal Co. v. Bourquin, 51 Ga. 378.

Mr. Arnold Tripp, for appellee.

*Per Curiam.* The substance of appellant's complaint is the depreciation in value of his land. For that injury he once before sought redress in a similar action. By the showing made in his declaration now before the court, he claimed damages for this identical cause of action in the former suit, and the jury awarded him the sum of one cent. The declaration does not even aver that the question of depreciation was not submitted to the jury in the first case. The allegation, if it were material, can not be supplied by presumption. The failure of the jury to award substantial damages in the first trial, does not warrant us in holding that they did not consider the alleged permanent injury to the land. They may have thought nominal damages full compensation for all the injury, present or prospective. A former judgment is conclusive as to all questions within the issue whether formally litigated or not. The doctrine of *res judicata* "extends not only to the questions of fact and of law which were decided in the former suit but also to the grounds of recovery or defense, which might have been but were not presented." Beloit v. Morgan, 7 Wall. 619; Harmon et al. v. Auditor, etc., 123 Ill. 133; Bennitt et al. v. Star Mining Co. et al., 119 Ill. 14.

From that well settled rule we have no desire to deviate.

Applying it to this case, it can not be denied that appellant might have presented for adjudication in the first case all the matters complained of in this, and if he failed to do so, there is now no relief for him.

Whether an erection of a permanent character by an individual for his own convenience, profit or pleasure, having no connection with a public use, but which causes a depreciation in the value of adjoining land, gives a right of action which is entire and can only be sued on by the party owning the land at the time of the injury, we need not here determine. See C. & E. I. R. R. Co. v. Loeb, 118 Ill. 211, 212.

This case is of that class where the plaintiff has elected to treat the injury as embracing prospective as well as present damages, and has recovered a judgment therefor.

The decision of the Superior Court was not in conflict with C., B. & Q. R. R. Co. v. Shaffer, 124 Ill. 112, or O. & M. Ry. Co. v. Wachter, 123 Ill. 440.

A distinction upon which this judgment may safely rest, is stated in the opinion in the latter case to be the treatment of the injury by the plaintiff, as embracing prospective as well as present damages. The court then says, that the decisions in such cases rest upon the principle of estoppel, and are consequently sound.

The judgment of the Superior Court is affirmed.

*Judgment affirmed.*