# CHICAGO FORGE AND BOLT COMPANY
## v.
## ALFRED MAJOR.

*Nuisances—Machine Shops—Trip Hammers—Damages—Limitations—Instructions.*

1.   In an action to recover damages to plaintiff's premises caused by the operation of certain trip hammers by the defendant in his shop situated near, it is *held:* That, in the absence of evidence, it will be presumed the shop as operated prior to its removal and enlargement in 1886, occasioned no injury; that the action is not barred by the statute of limitations even as to that part of the works operated prior to the removal; and that there was no error in the modification and refusal of instructions.

2.   An instruction for the appellee to the same effect as one asked by the appellant can not be assigned by the latter as error.

[Opinion filed February 13, 1889.]

APPEAL from the Superior Court of Cook County; the Hon. JOHN P. ALTGELD, Judge, presiding.

This is an action on the case brought by appellee against appellant to recover damages alleged to have been caused to appellee's premises by the operation of appellant's bridge works. In 1871 the American Bridge Company erected its works, including two steam trip hammers, on its tract of land of about eleven acres near the city of Chicago. In 1881 appellee purchased the premises which are the subject of this action, and afterward erected a dwelling house thereon. From 1871 to about the year 1885, the works were operated where they were first built. Appellant acquired title to the works in 1885, moved the hammer shop to another spot on the eleven-

Chicago Forge & Bolt Co. v. Major.

acre tract, but nearer appellee's house, and put up six steam trip hammers (including the two used in the first shop) which have been operated since November 1, 1886. The first count of the declaration avers that gas, smoke, noxious smells, vapor, steam and hot water come from defendant's works by reason of the operation thereof, and pervade the premises of plaintiff, and the air over and around the same, making it unhealthy and destructive to the clothing and property of plaintiff and detrimental to his health, and that by reason of the jar and vibration caused by the operation of the trip hammers the plaintiff's buildings and premises are damaged and rendered insecure, and the plaintiff thereby has suffered great personal and physical annoyance, injury and discomfort.

The second count complains of injury to plaintiff's premises caused by the noxious stenches, gas, etc., and the jar and shock of the hammers. The third count avers that by reason of the dust, cinders and hot water thrown by defendant upon plaintiff's close, the plaintiff is hindered from the use, benefit and enjoyment thereof in so large and ample a manner as he otherwise might have enjoyed the same, and that the renting and selling values of the same have been greatly diminished thereby.

Defendant pleaded the general issue and the five year statute of limitations. Verdict for plaintiff for $450. Motion for new trial overruled and judgment on verdict. Defendant appeals.

Messrs. Gardner, McFadon & Gardner, for appellant.

Messrs. Edward Maher and John C. Simonds, for appellee.

Garnett, P. J. The statute of limitations might have been successfully interposed, if the suit had been based on injuries alleged to have arisen from the hammer shop which was erected in 1871. No damages are sought to be recovered on that account, nor does the record show clearly that the shop as originally built and operated, injuriously affected the plaintiff in person or property. In the absence of evidence it

would be presumed no injury was occasioned thereby. The removal of the shop, in 1886, to a point almost contiguous to appellant's residence, and the enlargement of its machinery so as to increase the vibratory action and other offensive features, was alleged to be a fresh and distinct act of appellant, which was not even in part protected by the statute of limitations.

The contrary theory, that the statute was a bar as to so much of the injury as was caused by that part of the works operated by the American Bridge Company for more than five years before the commencement of this suit, was rightly rejected by the trial court. The case presented was not the magnifying of an existing nuisance, but the act complained of is the original creation of a nuisance disconnected from all preceding acts of the defendant. This is the true view of the case unless the effect upon plaintiff's property, of the operation of the hammer shop as originally erected, was precisely the same as the operation of the same hammer in the new shop. Whether the effect was the same, was a question of fact for the jury, which was not submitted to them by the instruction requested by defendant on this branch of the case, and for that reason the instruction was properly refused.

The ninth instruction as asked by defendant was as follows:

"The jury are instructed that in this case the measure of damages to which the plaintiff is entitled can not exceed the depreciation, if any, in the market value of his property caused by the operation of defendant's works. If the jury believe from the evidence that the plaintiff's property would sell for the same amount as before the operation of defendant's works, independent of a rise in similar property, then the verdict must be for the defendant."

The trial court refused to give this instruction in that form, but gave the following as a substitute therefor:

"The jury are instructed that the plaintiff's claim of damages is made on the ground that the operation of defendant's works has depreciated the selling value of his property. If the jury believe from the evidence that the operation of defendant's works has not depreciated or impaired the value of the plaintiff's property or its enjoyment as alleged by the plaintiff in

his said declaration, then the verdict must be for the defend-
ant."

Appellant complains that this charge permitted the jury
to find a verdict for plaintiff, if they believed defendant's
works diminished plaintiff's enjoyment of his property, even
though they increased its value. A number of authorities are
cited in support of the proposition that as appellee has
elected to treat the injury complained of as permanent, the
action is of the nature of a condemnation suit, and his recov-
ery must be limited to the depreciation in value of his
property, and can not include damages for personal annoyance,
discomfort or interference with his enjoyment thereof.
However that may be, appellant has barred itself of any
advantage it might otherwise have taken of this action of the
court, by requesting another instruction involving the same
theory of damages to the enjoyment of the premises. Having
encouraged the court to adopt that view of the case, the
appellant can not complain of the result. Calumet Iron & 
Steel Co. v. Martin, 115 Ill. 358; Willard v. Swanson, 22 Ill.
App. 424.

The following instruction, numbered ten, asked by defend-
ant, was refused by the court:

"The jury are instructed that under the declaration in this
case, the plaintiff's claim of damages is made on the ground
that the operation of defendant's works has depreciated the
selling value of his property. If the jury believe from the
evidence that since the operation of defendant's works the
selling value of the plaintiff's property is higher than before,
and that the operation of defendant's works has contributed
to that increase of value in the plaintiff's property by reason
of its nearness to the works, then the verdict must be for the
defendant."

At the trial, evidence was given tending to show serious
damage was caused by the operation of defendant's works to
the plastering and paint on plaintiff's house. According to
the terms of the instruction, any contribution, however small,
by the operation of defendant's works, to the supposed
increase in value of plaintiff's premises, should be considered

by the jury as an offset to any damages, however large, caused by the works to plaintiff's house. The unfairness of the proposition is apparent. There was no error in the refusal of that instruction.

Finding no error in the record, the judgment is affirmed.

*Judgment affirmed.*