CHICAGO FORGE AND BOLT COMPANY

v.

OCTAVE SANCHE ET AL.

SAME

v.

JOSEPH P. HEDGES.

*Nuisances—Manufacturing Establishments—Permanent Injury—Temporary Disturbance—Adjacent Property—Increase in Value—Evidence—Instructions.*

1. It is a rule of law in this State, that for a nuisance, permanent in it character, affecting the value of adjacent property if continued, the owner of such property may accept and ratify the feature of permanency, sue once for all, and recover his whole damages, instead of being driven to successive suits.

Chi. Forge & Bolt Co. v. Sanche.

2. Such property owner may bring an action for temporary disturbance, or permanent loss, but not upon both grounds, and if suit is brought for the latter reason, the lesser claim becomes merged therein.

3. In the case presented it is *held:* that it was improper for the trial court to exclude instructions offered on behalf of the defendants, the same setting forth that if the operation of the establishment in question had increased the value of the property claimed to have been injured, in excess of damage done, no recovery could be had.

[Opinion filed December 24, 1889.]

Appeal from the Superior Court of Cook County; the Hon. Elliott Anthony, Judge, presiding.

Mr. W. A. Foster, for appellant.

The declaration contained no count for any continuous injury; the gravamen of the suit was the creation and not the continuance of the nuisance, and any recovery for the continuance of the nuisance was not warranted by the declaration. The court should not have refused appellant's instruction so limiting it—instruction No. 12. McConnel v. Kibbe, 29 Ill. 483.

The plaintiffs having elected to treat defendant's works as a permanent nuisance, their damages must be determined by the rules which govern actions for such kinds of nuisance, for if the nuisance is a continuing one then only past damages up to the time of bringing suit are recoverable; but if the nuisance is a permanent one, then prospective as well as past damages are recoverable, and the claim in this case being based on the permanency of the nuisance, then the suit is in the nature of a condemnation suit and the same rule of damages applies—that is, the depreciation in the value of the property, and no allowance could be made for damage to its enjoyment. 3 Sutherland on Damages, pages 413, 414; Whitmore v. Bischoff, 5 Hun, 176; Bare v. Hoffman, 79 Penn. St. 71; C. & E. I. R. R. Co. v. Loeb, 118 Ill. 203; Ottawa Gas Light Co. v. Graham, 28 Ill. 73; C., R. I. & P. R. R. v. Carey, 90 Ill. 514; C., B. V. P. R. R. v. Andrews, 26 Kansas, 702; C. & E. I. R. R. Co. v. McAuley, 121 Ill. 161; C. & A. R. R. Co. v. Maher, 91 Ill. 312; C. & I. R. R. Co. v. Baker, 73 Ill. 316.

The question is, what was the value without the adjoining nuisance and what was the value with it; the difference is the measure of damages. Francis v. Schoelkoff, 53 N. Y. 152; see also Langfeldt v. McGrath, 33 Ill. App. 158.

Mr. Edward Maher, for appellees.

Gary, P. J. These cases are similar in their features, and involve the same principle, so that it will save labor to discuss them together. The appellants have a large plant, operate powerful machinery, make a great deal of noise, emit a great deal of smoke, jar the neighborhood and sprinkle it with condensed steam; at least the appellees say they do.

The appellees are owners of dwelling houses near the works, and allege disturbance in the enjoyment and diminution in the selling value of their respective premises. In this State there has been a departure from the ancient law as to nuisances, by which ample and complete justice can be done at one stroke, instead of requiring, as the ancient law did, incessant hostilities, until endurance was outworn, as the price not only of indemnity for the past, but security for the future. It is now the law of this State that for a nuisance, permanent in its character, affecting the value of adjacent property if continued, the owner of such property may accept and ratify the feature of permanency and sue once for all, and recover his whole damages, instead of being driven to successive suits for damages sustained by the disturbance of enjoyment up to the commencement of the suit. One recovery in such a suit is a bar to further litigation. C. & E. I. R. R. v. Loeb, 118 Ill. 203, contains a very full statement of the whole doctrine. That case holds, that as to the inconveniences resulting to the vicinage, from the proper operation of a railroad upon a public street, the damages are entire, and accrue when the road is put in operation, and the adjacent property holder can not maintain successive actions for the temporary disturbance of enjoyment. See also O. & M. Ry. v. Wachter, 123 Ill. 440; Swartz v. Muller, 27 Ill. App. 320. It is not necessary to go to that extent in applying the doctrine to manufact-

uring establishments, in this case, though there may be equal reason for it.

Whatever results from the proper operation of a railroad is considered permanent, because the road is of no use if not operated; the same is the character of the appellant's works. But assuming that the property holder may elect between temporary disturbances and permanent loss, he must take one or the other, and not both.

The appellees in both these cases, by their declarations and by evidence, sought to recover the diminution in value—selling value—of their property. True, they offered evidence, too, of the daily inconvenience, but that was competent to assist the jury to fix the permanent loss. Much of that evidence related to the condition of the works and surroundings since the suit was commenced, which was probably competent for the same purpose, but not otherwise. The appellee, then, did seek to recover once for all, and in that greater claim the lesser one, for temporary disturbance, is merged. Whether there was, in fact, any diminution in the value was the subject of conflicting testimony. Opinions of witnesses seemed to accord with those of the party who called them.

In such a case each party is entitled to proper instructions as to the law applicable to the state of facts which the evidence of the party tends to prove. Riedle v. Mulhausen, 20 Ill. App. 68.

In the Sanche case the appellants asked, and the court refused, this instruction:

" 8. The jury are instructed that under the declaration in this case the plaintiff's claim of damages is made on the ground that the operation of defendant's works has depreciated the selling value of the property.

"If the jury believe from the evidence that since the operation of defendant's works the selling value of the plaintiff's property is higher than before, and that the operation of defendant's works has caused the greater portion of such increase of value in the plaintiff's property by reason of its nearness to the works, and that such increase in selling value caused by the defendant's works exceeds any damages ever

done to the plaintiff's property or their enjoyment of it by defendant's works, then the verdict must be for the defendant."

And in the Hedges case, this:

"9. Even if the jury believe from the evidence that the operation of defendant's works has caused smoke, noise, smells and jarring, and that such smoke, noise, vapor, smells and jarring caused to plaintiffs, in the enjoyment of their property, something besides a mere imaginary and whimsical injury, yet the jury are further instructed that under the plaintiffs' declaration they can not recover in this case, if the jury find from the evidence that the selling value of the plaintiffs' property has been increased by the operation of defendant's works, independent of a rise in similar property, to an amount in excess of any damage ever done by the operation of said works to plaintiffs or their property."

These instructions, if the views hereinbefore expressed are correct, ought to have been given.

The instruction, the refusal of which was approved by this court in the case of these appellants v. Major, 30 Ill. App. 276, went upon the theory that if the works of the appellants had contributed in any degree, however slight, to an increase of value, such contribution was an answer to all claims, however large. But these instructions go to the whole claim for diminished value, and the appellees have, by their election, limited themselves to that as their cause of action.

There are other questions in the cases, but very probably they will not arise on another trial.

The judgments must be reversed and the cause remanded.

*Reversed and remanded.*