## William Hafner v. J. B. Herron, for use of Charles E. Schmidlap.

1. APPELLATE COURT PRACTICE—*Points Not Raised Below.*—Points not raised in the court below can not be raised in the Appellate Court.

2. REAL ESTATE BROKER—*When Entitled to his Commissions.*—A real estate agent is entitled to his commissions if he succeeds in bringing the owner and the buyer together, by which a sale is effected.

3. INSTRUCTIONS—*When a Party Can Not Complain.*—A party can not complain of the instructions given for his adversary as omitting an element when the instructions asked for by him impliedly assume that no such element was in the case.

**Assumpsit**, for commissions. Appeal from the Circuit Court of Cook County; the Hon. ARTHUR CHETLAIN, Judge, presiding. Heard in this court at the October term, 1895. Affirmed. Opinion filed December 2, 1895.

E. S. CUMMINGS, attorney for appellant.

EVERETT & EAKINS, attorneys for appellee.

Hafner v. Herron.

Mr. Presiding Justice Gary delivered the opinion of the Court.

The appellant had a large, and the wife of the appellee a small, interest in a corporation.

The appellant told the appellee that if he would find a purchaser of the appellant's interest, he would pay the appellee a commission. No price was fixed—and appellee having brought one person who offered a price that the appellant refused—whether the *quasi* agency of the appellee was then revoked, was a disputed question, settled by the jury in favor of the appellee.

The appellee then did find and send a customer to whom the appellant sold for the price he had before refused: doubtless under the belief that out of the price he would not be required to pay commissions. That customer bought, not for himself, but for one from whom, if appellant had known that he was the purchaser, appellant might probably have exacted a larger price because of special reasons affecting that purchaser.

It is clear that there was an intentional concealment by the appellee and that purchaser and the intermediary, of very material facts which it was to the interest of the appellee to know:

First, that the appellee had any connection with or knowledge of the person who came to the appellant: second, for whom he came.

The first was material in relation to commissions, and the second as to price.

But no such points were made below, and they can not be made, for the first time, here. Chi. & Al. R. R. v. Connors, 25 Ill. App. 561.

At the appellee's request the jury was instructed:

"The jury are instructed, as a matter of law, that where an agreement for the sale of property is entered into, the agent is entitled to his recompense if he succeeds in bringing the owner and the buyer together, and this, too, where the owner, in dealing personally with the buyer, agrees to accept a less sum than that mentioned to the agent. In

such a case the agent is entitled to recover his commission on the amount accepted by the seller.

The jury are instructed that if they believe from the evidence that an agreement was entered into between the parties to this suit by which the plaintiff, Herron, as agent for the defendant, Hafner, was to sell certain property owned by the defendant, and to receive a certain commission in the event of a sale through his instrumentality, and if the jury believe from the evidence in this case that a sale of said property was consummated with a purchaser procured by Herron, the verdict must be for the plaintiff, even though the defendant accepted a less sum for his property than he had given his agent, unless the jury believe from the evidence that the said contract, if any, had been terminated by Hafner prior to the sale."

And at appellant's request the jury was instructed:

"The court instructs the jury, as a matter of law, that before a principal can be bound by the acts of his agent, it must be shown by the party asserting such agency, that the principal authorized such agent to act for and in his behalf, and that such agent carried out the business of his principal and within the scope of his authority as such agent; and if the plaintiff in this case expects to recover, he must show by a preponderance of the evidence that he was acting as such agent, under the direction and authority of the defendant, otherwise he can not recover.

The court further instructs the jury that this is an action brought by the plaintiff against the defendant for certain commissions which the plaintiff claims from the defendant by virtue of the sale of certain shares of stock, to recover which commissions it is incumbent upon the plaintiff to show, by a preponderance of the evidence, that he acted in the capacity of agent for and on behalf of such principal in securing such sale, with the knowledge and consent of the defendant; otherwise the plaintiff can not recover."

The instructions, on both sides, related only to the disputed question of fact—whether the agency continued.

The appellant can not now complain that the instructions

for the other side omitted the element of good faith on the part of the appellee, when the instructions asked by the appellant impliedly assumed that no such question was in the case. He can not complain of instructions following his own theory. Chicago F. & B. Co. v. Major, 30 Ill. App. 276.

We need not discuss the effect the conduct of the appellee would have if the question were in the case. This opinion will not be a precedent if the question ever arises.

The judgment is affirmed.