## Hyde Park Thomson-Houston Light Company v. Alfred R. Porter.

1. NUISANCES—*Permanent Damages—One Recovery.*—An action for damages resulting from the operation of an electric light plant in proximity to the plaintiff's dwelling may be maintained, and if the damages proved are of a permanent character, but one recovery can be had.

2. PLEADINGS—*Sufficient Allegations*—An allegation that the defendant "wrongfully and injuriously erected and built" the building, and therein "wrongfully built, located, constructed and kept and continued" certain electric light plants, and "wrongfully and injuriously operated" the same to the permanent injury, damage and depreciation of the plaintiff's premises, is a sufficient allegation under which to make proof, not only of the damage suffered from the erection, but also from the operation of the plant, past, present and prospective.

3. ACTION FOR TORTS—*Allegations and Proofs.*—Where averments in actions of tort are that by several causes damages have accrued, the proof of some of the causes which are sufficient as a cause of action will sustain the action.

4. DAMAGES—*Operation of Electric Light Plants.*—One person can not construct what by its operation will inevitably injure adjacent premises and then sell out to another who can, because he did not build the construction which creates the damages only by being operated, escape liability for his injurious operation of the thing built.

Trespass on the Case.—Damages from the operation of an electric light plant. Appeal from the Circuit Court of Cook County; the Hon. ELBRIDGE HANECY, Judge, presiding. Heard in this court at the March term, 1896. Affirmed. Opinion filed April 27, 1896.

R. S. THOMPSON, attorney for appellant.

No appearance for appellee.

Mr. Justice Shepard delivered the opinion of the Court.

This is an action on the case, brought by the appellee against the appellant to recover damages for depreciation in the value of appellee's lot and residence, adjoining the electric light plant of the appellant, situated near the corner of 53d street and Cornell avenue, in the city of Chicago.

The declaration, which comprised three counts practically alike, except as to their descriptions of the electric plant and the plaintiff's property, is, briefly, to the effect that the plaintiff owned a certain lot and residence; that the defendant corporation erected and operated an electric plant on its property adjoining plaintiff's said lot; that the electric plant cast smoke, dirt, etc., upon his property, filled the air thereabout with noxious odors, etc., and caused his house and property to shake, tremble, jar and vibrate, whereby * * * plaintiff's premises have been and are thereby greatly and permanently damaged and depreciated in value in the sum of $6,000.

To this declaration defendant pleaded the general issue, and a trial was had before the court and a jury, resulting in a verdict and judgment for $2,000, in favor of the plaintiff, the appellee here.

The jury also found specially, in answer to special interrogatories submitted to them, as follows:

"Is there a permanent injury to the plaintiff's property caused by the construction and operation of the electric plant in this case? Yes; by operation.

Was the property of the plaintiff permanently injured by the erection and operation of the electric plant, as the evidence shows the same to have been erected and operated in November, 1890? No.

Was the market value of the property of the plaintiff depreciated in the market in November, 1890, by the erection and operation of the electric plant? To some extent.

If the jury find from the evidence that the plaintiff has

sustained damages as alleged in the declaration, they are instructed to answer the following interrogatories as to special findings:

1. Are the damages awarded to plaintiff as and for permanent injuries? Yes.

2. Has the property of the plaintiff, described in the declaration, been permanently injured by reason of the construction and operation of the electric light plant described in the declaration? Yes; by operation."

The appellant says:

"This appeal raises simply two points. First, that this action, which is for permanent injuries, should have been brought against the defendant's predecessor in title, and not against the defendant, as the electric light plant, whose construction and operation is claimed to have depreciated the value of the plaintiff's adjoining property, was not constructed or put in operation by the defendant, but by another company, from whom the defendant afterwards purchased. Second, that if, as is claimed by the plaintiff (but denied by defendant), the defendant is liable to the plaintiff for any injuries to his property arising from the continuance of the operation of said plant by the defendant, such damages must be confined to the period between the time the defendant purchased the plant and the commencement of the action, a period of four months, as to which there is no evidence to support the verdict."

And the case is argued upon those two propositions.

No brief having been filed in behalf of the appellee it rests upon us, unaided by the appellee, to determine whether the presumptions existing in favor of the judgment have been overborne by the appellant.

That an action for damages of this character may be maintained is not to be disputed, nor if the damages proved are of a kind permanent in character, that but one recovery can be had. Ottawa Gas Light and Coke Co. v. Graham, 28 Ill. 73; Illinois C. R. R. Co. v. Grabill, 50 Ill. 241; Chicago & A. R. R. Co. v. Maher, 91 Ill. 312; Decatur Gas Light Co. v. Howell, 92 Ill. 19; Chicago & E. I. R. R. Co.

v. Loeb, 118 Ill. 203; Chicago & E. I. R. R. Co. v. McAuley, 121 Ill. 160; Ohio & M. Ry. Co. v. Wachter, 123 Ill. 440; Chicago Forge & Bolt Co. v. Sanche, 35 Ill. App. 174.

The appellee's premises constituted his home, and the house was built in 1888. The light plant was begun in the summer of 1890, and was completed in the fall of that year. After " it had been running a month or two " it was sold to the appellant, who took possession and began to operate it on December 4, 1890.

The suit was begun April 29, 1891, and the trial took place in November, 1894.

The allegation of the declaration that the defendant " wrongfully and injuriously erected and built " the building, and therein " wrongfully built, located, constructed, kept and continued " certain electric plants, and " wrongfully and injuriously operated " the same to the permanent injury, damage and depreciation of the plaintiff's premises, we regard as a sufficient allegation under which to make proof not only of the damage suffered by the plaintiff from the erection, but also from the operation of the plant, past, present and prospective.

So much of the allegation as charged the appellant with the erection of the plant, may be disregarded. Where averments in actions of tort are that by several causes damages accrued, the proof of some of the causes which are sufficient as a cause of action will sustain the action.

As said in City of Rock Island v. Cuinely, 126 Ill. 408: " In actions of tort it by no means follows that every allegation of matters of substance must be proved. In general, it will be sufficient if enough of the facts alleged in the declaration are proved to constitute a cause of action;" and, quoting from Chitty's Pl., it is added: " In torts the plaintiff may prove a part of his charge if the averment is divisible, and there be enough proved to support his case."

The gist of this action was the operation of the plant, and not its erection, and its operation by the appellant was sufficiently averred and proved.

This is not the case of one who has purchased premises

after the damage has been done, as were some of those cited, but is one brought by the owner of the premises at the time the injury complained of had its inception, and who remained such owner.

The injury sustained, as proved and as found by the jury, consisted in the operation of the plant.

It would be a manifest evasion of justice to hold, under the declaration, that because the appellant's predecessor built the plant, the appellant is not liable for its injurious operation; and to hold that the appellant is liable for injuries done only between the time when it purchased from its predecessor and the date of the commencement of the suit, when the appellee is confined to a single action for his permanent damages, would be to deny him any practical, relief.    O. & M. Ry. Co. v. Wachter, *supra.*

May one corporation construct what, by its operation, will inevitably injure adjacent premises, and then sell out to a successor who shall, because it did not build the construction which creates damage only by being operated, be rid of liability for its injurious operation of the thing built?

We do not understand the law to be that way.   The damages may have had their inception when the plant was first constructed, and during the month or two of its partial operation prior to appellant's purchase of it, and it might be that the statute of limitations would then have begun to run, as in the case of C. & E. I. R. R. Co. v. McAuley, *supra,* but the jury specially found what we regard the evidence as supporting, that no permanent injury, to an appreciable degree, of the kind complained of, occurred during that period of time.

It was not the erection of the building itself, nor the mere putting into it of machinery, which gave the right of action, but it was from its operation, whereby dirt, dust, ashes, etc., were cast upon plaintiff's premises, and jarring and vibrating produced, that the damage ensued.

Counsel makes no complaint concerning the instructions, but insists that there is an inconsistency between the special findings and the general verdict.

What we said in Independent Dryer Co. v: Livermore Foundry Co., 61 Ill. App. 390, controls us, and we are unable to see any such irreconcilability between the findings and the general verdict as to take this case out of the rule.

The judgment will be affirmed.

MR. JUSTICE WATERMAN did not participate in this case.