## Swift & Company v. Vincentz Rutkowski, etc.

1. MASTER AND SERVANT.—*Employment of incompetent servants—Proximate cause.*—If a master knowingly employs an incompetent servant, who, by reason of such incompetency injures another, the cause of the injury is the employment of the incompetent servant.

Trespass on the Case, for personal injuries.   Appeal from the Superior Court of Cook County; the Hon. PHILIP STEIN, Judge, presiding.

| | |
|---|---|
| 67 | 209, |
| 67 | 339| |
| 67 | 209| |
| 167s | 156| |
| 67 | 209| |
| 82 | 109| |
| 82 | 462| |
| 67 | 209' |
| 97 | 363 |

Heard in this court at the October term, 1896. Affirmed. Opinion filed November 19, 1896.

JOHN A. POST and JOHN B. BRADY, attorneys for appellant.

E. S. CUMMINGS, attorney for appellee.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

This was an action for negligence. Appellee, a minor, while working for appellant, was seriously injured.

The plaintiff recovered a judgment for $5,000.

Upon the trial the court, at the instance of the plaintiff, instructed the jury as follows:

" No. 1. The court instructs the jury that it is necessary that it appear from the evidence that the plaintiff was in the exercise of ordinary care, before he can recover; but what is ordinary care, is a question for the jury to determine from all the facts and circumstances in evidence in the case. If you believe from the evidence that the plaintiff was a minor of the age of fourteen years, or thereabouts, at the time he was injured, you have the right to take that fact into consideration in determining whether or not he was exercising ordinary care. The law required of him such care only as could and would reasonably be expected from a person of his age, knowledge and experience, under all the circumstances of the case; that is, the degree of care which he was required to exercise was ordinary care, in view of his age, knowledge and experience, and all the other facts and circumstances appearing from the evidence."

Ordinary care is such care as an ordinarily prudent adult person usually exercises.

The definition as applied to a particular instance, means such care as an ordinarily prudent adult person would be likely to exercise under like circumstances.

There is no such thing as the ordinary care of an infant. An infant is required to exercise such care as is to be expected from one of his age, intelligence and experience.

The foregoing instruction, while not such as to warrant a      .

reversal of the judgment, was not a correct statement of the law.

"No. 2. The court instructs the jury that it was the duty of the defendant to exercise reasonable care and diligence to employ a sufficient number of servants in and about the work in which the plaintiff was engaged, to render the performance of the work by the plaintiff reasonably safe. And if the jury believe from the evidence that the defendant failed to exercise such reasonable care and diligence, and negligently failed to employ a sufficient number of workmen so as to render the performance of the work by the plaintiff reasonably safe, and that by reason of its negligence, if any, in that respect, the plaintiff was injured, and that before and at the time of the injury he was exercising reasonable care and caution for his safety, as charged in the declaration, your verdict should be for the plaintiff."

There was no evidence warranting this instruction. The record does not show that the injury to the plaintiff was caused by a failure of the defendant to employ a sufficient number of men, but that the proximate cause of the accident was the swinging against the plaintiff of the carcass of a slaughtered animal. In an action for negligence, it is the proximate cause upon which the suit must be based. The proximate cause of an event is that cause which, in natural and continuous sequence, without the interference of an efficient, independent, intervening cause, produces the result. A cause may be proximate, although the first of a series of acts resulting in an injury, if each of the subsequent acts be a natural and probable result of the first; illustrated by the famous Squibb case, 16 Am. & Eng. Ency. of Law, 436; Webb's Pollock on Torts, 29–42.

The evidence in this case was not sufficient to warrant a verdict upon the counts charging negligence in failing to employ a sufficient number of men.

It will be well for counsel for appellee, upon another trial, to refrain from asking the jury to find the defendant guilty, because of alleged misconduct not charged in the declaration.

The judgment of the Superior Court is reversed and re-manded.

MR. JUSTICE SHEPARD dissents.

MR. JUSTICE GARY.

I am not prepared to assent to, or dissent from, what Judge Waterman writes as to proximate cause. I do not feel quite certain whether it may be properly held, that if by reason of having too much work upon his hands, the appellee was in a place where he would not have been if he had had sufficient help, and thereby came in the way of the swinging beef, that in such case, the want of help may be said to be the cause of his injury. If the railway locomotive set a station house on fire, and the station house set a tavern on fire, it is the locomotive that burns the tavern. Chi. & Alt. R. R. v. Pennell, 110 Ill. 435.

If a master knowingly employs an incompetent servant, who, by reason of such incompetency injures another, the cause of the injury is the employment of the incompetent servant. United States Rolling Stock Co. v. Wilder, 116 Ill. 100.

And the old Squibb case—which I won't stop to look up and cite—is a famous one on proximate cause.

But the second instruction was wrong for another reason. Consistently with the theory of that .instruction, the appellee may have been as fully conscious, not only that he ought to have help, but of all the possible consequences of the want of it, as could a man of forty years of age have been. The instruction ignores the principle that a servant takes upon himself known risks.

I concurred in reversing the judgment without having had my attention called to the twelfth instruction requested by the appellant, which was as follows:

" No. 12. The court instructs the jury that, although Rutkowski was injured while at work for the defendant in the manner alleged in the declaration, that of itself is not sufficient to charge Swift & Co. with liability for his in-

jury.    Before Swift & Co. can be charged with liability in that regard, two things must be established by the evidence :

First.    That Swift & Co. were guilty of negligence as charged in the declaration; and,

Second.    That Rutkowski was, at and just before the time of the injury, exercising due care for his own safety."

That instruction, very slightly modified, was given to the jury.    If it had been refused, the principle the court acts upon would have been just as applicable, that principle being that a party can not complain in this court that the court below went upon a theory which that party had " encouraged " the court to entertain.    McMahon v. Sankey, 35 Ill. App. 341; Hafner v. Herron, 60 Ill. App. 592.

That the instruction given for the appellee was affirmative, and that asked by the appellant was negative, that the latter was totally disconnected from the former, and was one of a series, in others of which series the doctrine that an employe takes the risks of known dangers of his employment, was clearly stated—do not affect the ground of the principle, which is, that by the act of the appellant the court was put off its guard as to the particular feature in the similar instructions.    " Reasonable," as the qualifying adjective of " care " in the instruction given for the appellee, is synonymous with " ordinary."    16 Am. & Eng. Ency., 398, note; 19 Ib. 1078.

It is not now open to the appellant to say that the second instruction for the appellee was error.    It is probably the fact, at least the jury were warranted by the evidence in finding it to be the fact, that had the work at which the appellee was employed been more expeditiously done, as it would have been, had more hands worked at it, the appellee would not have been in the way of the swinging beef. Within the doctrine of many cases the lack of hands was the cause of the injury to the appellee.

I therefore concur with Judge Shepard in holding that the judgment is to be affirmed.