THE HYDE PARK THOMSON-HOUSTON LIGHT COMPANY

*v.*

ALFRED R. PORTER.

*Filed at Ottawa May 11, 1897.*

1. ACTION—*when present and future damages to property may be recovered in a single action.* A property owner has but one action for damages for permanent injury to his property from the operation of an electric light plant near to it, but in such action all damages, present and future, are recoverable.

2. PARTIES—*effect of change of ownership on right of action for damages.* The fact that an electric light plant erected and placed in operation by one party is transferred to another party, who continues to operate it, does not deprive a property owner of his remedy for damages resulting from the operation of the plant, and he is entitled to sue either party, or both, at his election.

*Hyde Park T.-H. Light Co.* v. *Porter,* 64 Ill. App. 152, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. ELBRIDGE HANECY, Judge, presiding.

R. S. THOMPSON, for appellant:

This action, being for permanent injuries to the house and lot of the plaintiff by reason of the location, erection and operation of the electric plant, cannot be maintained against this defendant, for the reason that the defendant's predecessor in title located, erected and operated said plant prior to defendant's title or possession. *Railroad Co.* v. *McAuley,* 121 Ill. 160; *Railroad Co.* v. *Loeb,* 118 id. 203; Wood on Limitations, 371; *Troy* v. *Railroad Co.* 23 N. H. 101; *Powers* v. *Council Bluffs,* 45 Iowa, 652; Wood on Nuisances, 889; *Railroad Co.* v. *Combs,* 10 Bush, 393; *Railroad Co.* v. *Esterle,* 13 id. 669; *Railroad Co.* v. *Andrews,* 26 Kan. 711; *Fowle* v. *Railroad Co.* 112 Mass. 338; Sutherland on Damages, 413, 414; *Railroad Co.* v. *Maher,* 91 Ill. 312; *Biser* v. *Power Co.* 70 Iowa, 145.

When the injury is permanent but one action can be maintained, and the recovery is for all damages, past and prospective. The right of action in such case wholly accrues against the party doing the injury. *Troy* v. *Railroad Co.* 3 Fost. 83; *Powers* v. *Council Bluffs*, 45 Iowa, 652; *Van Orsdol* v. *Railroad Co.* 56 id. 470; Gould on Waters, sec. 416.

C. M. HARDY, for appellee.

Mr. JUSTICE CRAIG delivered the opinion of the court:

This is an action on the case, brought by appellee, against appellant, to recover damages for depreciation in the value of appellee's lot and residence adjoining the electric light plant of appellant, situated near the corner of Fifty-third street and Cornell avenue, in the city of Chicago.

The declaration, which comprises three counts practically alike, except as to their descriptions of the electric plant and the plaintiff's property, is, briefly, to the effect that plaintiff owned a certain lot and residence; that the defendant corporation erected and operated an electric plant on its property adjoining plaintiff's said lot; that the electric plant cast smoke, dirt, etc., upon his property, filled the air thereabout with noxious odors, etc., and caused his house and property to shake, tremble, jar and vibrate, whereby "plaintiff's premises have been and are thereby greatly and permanently damaged and depreciated in value, in the sum of $6000." To the declaration defendant pleaded the general issue, and on a trial before a jury plaintiff recovered a judgment for $2000, which, on appeal, was affirmed in the Appellate Court.

At the close of the evidence the defendant requested the court to instruct the jury to find for the defendant. This instruction was refused, and this ruling is relied upon as error. No complaint is made in regard to the ruling of the court on other instructions, but in appel-

lant's argument the grounds relied upon to reverse the judgment are stated as follows: "This appeal raises simply two points: First, that this action should have been brought against the defendant's predecessor in title, and not against the defendant; and second, if it is sought to sustain the judgment herein by the false theory that the appellant is liable for temporary injuries to the plaintiff's property resulting from the operation of the electric plant by the appellant, then the only possible damages for which the plaintiff could recover would be those accruing between the third day of December, 1890, when the defendant purchased and took possession of the plant, and the 29th day of April, 1891, when this suit was commenced, as to which period, and as to any damages for any injuries sustained during that period, no evidence was given."

It appears from the evidence that the ground upon which the plant was erected was purchased by one James Johnson, who transferred it to the Thomson-Houston Electric Company. This company commenced the erection of the plant in the summer of 1890 and completed it on the 14th day of October of the same year, and it was turned over to the appellant, the Hyde Park Thomson-Houston Light Company, on the third day of December, 1890, and that company has operated the plant ever since. The details of the arrangement under which the plant was erected and turned over to the defendant are not definitely disclosed by the evidence. No deed from one company to the other was put in evidence, nor was any contract put in evidence showing the terms and conditions upon which the plant was erected and turned over. It appears, however, that the Thomson-Houston Electric Company was in the possession of the plant but a short time, and the evidence tends to prove that it operated the plant for the purpose of testing it only. Upon this point A. R. Porter, the plaintiff, testified: "The Thomson-Houston company erected the plant, got it in opera-

tion, put up the poles,—that is, a great many of them that were not up at the time they started to operate,—and wires, and got it into operation.   At the time it was placed in operation it was transferred to the company that was practically then known as this company here, —known as the Hyde Park Thomson-Houston Electric Light Company.

Q. "Do you know when the present defendant commenced the operation of that plant?

A. "No, I don't know exactly; it was shortly after they became satisfied that the plant was all right.

Q. "After it had run long enough to be tested?

A. "Yes, sir.

Q. "What year was that in?

A. "It was in 1890.

Q. "Since that time who has owned the plant?

A. "The defendant."

No objection was made to this evidence, so far as appears, nor was it contradicted.

It is a proposition too plain for argument, that the mere erection of a plant like the one in question, and placing machinery therein, could not, of itself, damage the plaintiff's property, but it is the operating of the plant that produces the damage.   If, then, this plant was not in fact operated by the Thomson-Houston company, but merely erected and tested to determine the character and capacity of the machinery to do and perform that for which it was constructed, was the plaintiff compelled to sue the company which erected the plant, or suffer the damages he has sustained without any recourse or remedy against any person or corporation whatever?   To establish a rule of that character would not seem to be just or right.   In the decision of this case in the Appellate Court it was well and properly said: "May one corporation construct what, by its operation, will inevitably injure adjacent premises, and then sell out to a successor who shall, because it did not build the con-

struction which creates damage only by being operated, be rid of liability for its injurious operation of the thing built? We do not understand the law to be that way. The damages may have had their inception when the plant was first constructed, and during the month or two of its practical operation prior to appellant's purchase of it, and it might be that the Statute of Limitations would have begun to run, as in the case of *Chicago and Eastern Illinois Railroad Co.* v. *McAuley, supra;* but the jury specially found, what we regard the evidence as supporting, that no permanent injury to an appreciable degree, of the kind complained of, occurred during that period of time. It was not the erection of the building itself, nor the mere putting into it of machinery, which gave the right of action, but it was from its operation, whereby dirt, dust, ashes, etc., were cast upon plaintiff's premises and jarring and vibrating produced, that the damages ensued."

There is no want of evidence in the record to show that, through the operation of the plant by the defendant, soot, smoke, steam, ashes and cinders have been cast upon plaintiff's property. This, in connection with the jarring and vibrating resulting from the operation of the plant, has materially damaged the plaintiff's property, and in our opinion, under the facts as they appear in the record, the action was properly brought against the appellant company.

We have, however, been referred by counsel in his argument to *Chicago and Alton Railroad Co.* v. *Maher*, 91 Ill. 312, *Chicago and Eastern Illinois Railroad Co.* v. *Loeb*, 118 id. 203, *Chicago and Eastern Illinois Railroad Co.* v. *McAuley*, 121 id. 160, and Wood on Limitations, 371, as authorities holding that but one action can be maintained for permanent injuries in a case of this character, which must be brought against the party who erected the plant. In the first case cited, one Maher owned a lot on the Chicago river, valuable for dock purposes. The railroad company

erected a pier in the river, which resulted in a permanent damage to Maher's property. Several years after the erection of the pier Maher sold the property to his wife, and she brought an action to recover for the damages resulting to the property by the erection of the pier while the property was owned by her husband, and it was held that where an injury results to real estate by a cause of a permanent character, after which the owner of the property so injured conveys the same to another, his grantee cannot maintain an action for the continuance of the cause of the injury, although the former owner may not have brought any suit for the original injury. It is manifest the decision in that case cannot control here. There the damages accrued to Maher. The right of action was in him, and he could not transfer it by deed. In the next case cited, (*Chicago and Eastern Illinois Railroad Co.* v. *Loeb*,) following the *Maher case*, it was held that where private lots in a city are physically damaged or injured in value by the construction and operation of a railroad in close proximity thereto along a public street, the right of action, if any exists, is vested in the owner of the lots immediately upon the construction of the road, to recover for all damages, past, present and future, and a subsequent grantee of the lots can not maintain an action at all for the proper use and operation of the road after his purchase. In *Chicago and Eastern Illinois Railroad Co.* v. *McAuley*, *supra*, following the doctrine of the *Loeb case*, it was held that where the injury to land was of a permanent character, so that the damages inflicted are permanent, a recovery not only may, but must, be had for the entire damages in one action; and such damages accrue from the time the nuisance is created, and from that time the Statute of Limitations begins to run. The same doctrine is announced in Wood on Limitations. But there is such a wide difference between this case and those cited that the authorities do not control the case under consideration.

Here the action was brought by the owner of the property damaged, at the time the plant was erected and placed. in operation. The Statute of Limitations had not run, and he sought to recover the entire damage to his property, present, past and future.

Upon looking into the record it will be found that the jury, by a special verdict, found, and the finding is sustained by the evidence, that plaintiff's property was not permanently injured by the erection and operation of the plant prior to the time it was turned over to the defendant. But if it were otherwise, we would not be inclined to hold that plaintiff could not recover. As said before, the plaintiff's damages arose from the operation of the plant, and the appellant cannot relieve itself of liability from the fact that the plant may have been erected and placed in operation by another party. When appellant acquired the plant and placed it in operation, the adjoining property owners who were damaged, and who had received no compensation for the damages they had sustained, were entitled to sue either the party who erected the plant or the one who operated it, or both, as they might elect, but there could be but one recovery.

As to the second point but little need be said. If plaintiff was entitled to recover at all, as he was confined to a single action he ought to recover whatever damages he has sustained by the operation of the plant,—both present and future damages. If he was confined to the damages sustained between the time when appellant commenced operating the plant and the date the action was commenced he would be denied all substantial relief. Such is not the object of the law. If he has a remedy that remedy should afford adequate relief for the damages sustained.

It is also claimed that the verdict of the jury was inconsistent with the special findings, and defendant was entitled to judgment. While one of the special findings may not be entirely consistent with the general verdict,

when the special findings are all considered there is no such inconsistency between them and the general verdict as would authorize the court to set aside the verdict of the jury.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*