## Chicago North Shore St. Ry. Co. v. Honora A. Payne.

1. Limitations—*Amendments to the Declaration—What Does Not Make a New Cause of Action.*—A change in the declaration which merely goes to the measure of damages will not make the cause of action declared on a new one; it is the wrongful act of the defendant which causes the grievance for which the law gives a remedy, that constitutes the cause of action.

2. Electric Light Plants—*Injuries by—Permanent Damages— One Recovery.*—An action for damages resulting from the operation of an electric light plant in close proximity to a dwelling-house is maintainable, and if the injury proved is of a permanent character one recovery can be had for all damages, past, present and future.

**Trespass on the Case.**—Damages from the operation of an electric light plant. Appeal from the Superior Court of Cook County; the Hon. Edward F. Dunne, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1900. Affirmed. Opinion filed April 16, 1901.

Graham H. Harris, attorney for appellant; W. W. Gurley and John A. Rose, of counsel.

Julius & Lessing Rosenthal and James Jay Sheridan, attorneys for appellee; Lessing Rosenthal, of counsel.

Mr. Presiding Justice Shepard delivered the opinion of the court.

Appellee was the owner of a dwelling-house situated on the east side of Evanston avenue, between Ardmore and Thorndale streets, in Chicago, and brought her action on the case against the appellant to recover damages for the injury sustained by her through the erection and operation by appellant of an electric power-house for the operation of its line of road, on premises next adjoining appellee's dwelling-house. Appellee's house was erected in 1890, and appellant's power-house was built and put in operation in 1893. The suit was begun in 1894.

It does not seem to be contended that the verdict of $2,000, upon which judgment was entered, was excessive, if any judgment could be properly recovered under the declaration, nor that the matters charged in the declaration as constituting the injury to appellee's premises, were not sustained by the evidence except in so far as evidence tending to show permanent depreciation of appellee's premises was erroneously admitted.

Appellant's first contention is that the court erroneously sustained a demurrer to appellant's plea of the statute of limitations to appellee's additional count.

The object of the additional count was, as plainly appears, not to state a new cause of action, but to restate the same cause of action and add apt words making the count clearly apply to and authorize the recovery of damages for permanent injury and depreciation as well as for past and present.

If, as said by counsel, the original count were framed so that only past and present depreciation and damage was recoverable under it, as for a temporary nuisance, the mere adding of another count applicable to all damages, past, present and future, did not in any respect change the cause of action.

A change in the declaration that merely goes to the measure of damages would not make the cause of action a different one. In cases of this character, it is the act or wrong of the defendant which causes the grievance for

which the law gives a remedy, that constitutes the cause of action. This act or wrong was stated in substantially the same language in both counts, and we have no hesitation in holding that the additional count did not state a new cause of action. Therefore, the cause of action stated in that count was not subject to the bar of the statute of limitations. The law is settled beyond controversy that in cases of this kind there can be but one recovery for permanent injuries. See cases in Hyde Park Light Co. v. Porter, 64 Ill. App. 152.

The next contention is that error was committed in permitting evidence to be heard showing, or tending to show, a permanent depreciation in the value of appellee's property because of the acts done by the appellant. We need not pause to consider whether such evidence was, or not, admissible under the original count. It was clearly admissible under the additional count, and having determined that that count was properly filed we need not discuss the effect of the evidence as to the original count.

The point that there was error in the refusal of an instruction offered on behalf of appellant, presents the same question, in another form, that has been already considered adversely to appellant.

At the trial, certain special interrogatories for findings of fact by the jury were submitted in behalf of appellant, and error by the court in respect of several of them is argued.

The first interrogatory and the answer of the jury thereto, are as follows:

"Int.    Had the plaintiff been damaged at the time of the commencement of this suit by the operation of the defendant's power-house, and if so, in what respect and in what amount?"

"Ans.    We, the jury, find that the plaintiff has been damaged by the operation of the defendant's power-house, on account of the depreciation in value of property and discomfort and annoyance of plaintiff caused by operation of the defendant's power-house, to the amount of two thousand ($2,000) dollars."

Appellant complains that the jury in their answer allowed

double damages for the alleged injury; first, for deprecia-
tion in the value of the property, and second, for annoy-
ance to appellee.

Under the pleadings, as they were at the time of trial,
the inquiry was as to the entire damage, both present and
future, suffered by appellee; and we think it is a sufficient
answer to the complaint, that appellant had "no right
under the guise of submitting questions of fact to be found
specially by the jury, to require them to give their views
upon each item of evidence, and thus practically subject
them to a cross-examination as to the entire case;  *  *  *
such practice finds no warrant in our statute." Chicago
and Northwestern Ry. Co. v. Dunleavy, 129 Ill. 132.

The special interrogatories, numbered 2, 3, 4 and 5,
respectively, were modified by the court, and so modified
were given. They, as originally prepared, presented ques-
tions as to whether there was a defective construction of
the power-house and its machinery, and whether the dam-
age claimed was due to a careless operation thereof. More
than one answer might be made to the complaint urged
against the modifications made by the court, but we think
a sufficient one is found in the fact that neither count of
the declaration proceeds on the theory of the defective con-
struction or careless operation of the power-house or its
machinery. Nor was there any evidence introduced or
offered in the case, tending to show any defect in construc-
tion or negligence in the operation of the power-house.

It was the operation of the plant in a proper manner—
not carelessly or negligently—that caused the injury appel-
lee complained of. And in her suit she was entitled to
recover whatever her damages were fairly proven to be—
in the future as well as in the past or present.

The Supreme Court has laid down the rule, plainly, in
Hyde Park Light Co. v. Porter, 167 Ill. 276, and in that
case, and in same case in 64 Ill. App. 152, all the authori-
ties are cited that need to be referred to.

The judgment of the Circuit Court is affirmed.