## Coal Belt Electric Railway Company v. George W. Kays.

1. FELLOW-SERVANTS—*when defense of, cannot be raised.* A defense that an injury sued upon was caused by the negligence of a fellow-servant cannot be raised on appeal for the first time.

2. VERDICT—*when not set aside as excessive.* A verdict for $3,000 will not be set aside as excessive and as indicative of passion or prejudice where it appears that the injuries were severe and permanent and materially diminished the earning power of the plaintiff.

3. PAIN—*when instruction allowing compensation for, proper.* Notwithstanding there may not have been any specific testimony to the effect that the plaintiff suffered pain, yet if the extent of the injury is shown and was of such a character as necessarily to have caused pain, an instruction allowing compensation therefor is proper.

Action on the case for personal injuries. Error to the Circuit Court of Williamson County; the Hon. ALONZO K. VICKERS, Judge, presiding. Heard in this court at the August term, 1904. Affirmed. Opinion filed March 17, 1905.

WILLIAM H. WARDER, for plaintiff in error.

WILLIAM A. SCHWARTZ and HOSEA V. FERRELL, for defendant in error; SPILLER & WHITE, of counsel.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

This was a suit by defendant in error to recover .damages for personal injuries sustained by him, while in the employ of plaintiff in error, on July 4, 1902. Upon trial the jury returned a verdict in favor of defendant in error, assessing his damages at $3,000. Motions for a new trial and in arrest of judgment were overruled and judgment entered for the amount of the verdict.

Plaintiff in error complains that the verdict was contrary to the weight of the evidence; that plaintiff's statement of the manner in which the injury occurred shows it to have been caused solely by the act of a fellow-servant; that the allegations in the declaration and the proof failed to agree; that the verdict was excessive and that the court erred in giving certain instructions on the part of plaintiff and modifying one offered by defendant. The declaration consisted of four counts. The first charged that the defendant was operating a line of railroad, using electric cars thereon; that plaintiff was employed by defendant as a car repairer and on the day in question was ordered to stand upon a ladder known as the wire car ladder, extending fifteen feet above the track, for the purpose of repairing the trolley and guy wire; that it was the duty of defendant not to move this ladder or suffer it to be moved while plaintiff was thereon working; that while plaintiff was at work repairing said wire and using due care and caution for his own safety, defendant carelessly and negligently and without any notice to him whatever, pulled and jerked said wire car ladder, thereby causing him to fall from said ladder and receive certain injuries. The second count differed from the first in alleging that plaintiff was ordered to go upon the wire car ladder to repair the trolley and guy wire, which kind of work he had never done; that defendant carelessly and negligently ordered and commanded plaintiff to leave his work as car repairer and repair said wire by standing upon the wire car ladder about fifteen feet above the track, and that while plaintiff was on said ladder repairing said wire, using due care and caution for his own safety, defendant carelessly and negligently, without notice to him, pulled and jerked

said wire car ladder, etc. The third count was substantially the same as the first but charged as the act of negligence that while plaintiff was on said ladder the defendant carelessly and negligently pulled said wire car ladder before he had an opportunity to get off the same along said track and over a spring switch, thereby throwing said wire car ladder off the railroad track, causing plaintiff to fall, etc. The fourth count was substantially the same as the second. To this declaration the defendant filed a plea of the general issue.

The theory advanced by the plaintiff upon the trial was, that he was employed by defendant to work at its power house repairing cars; that on the day in question he was ordered by his foreman to get upon a ladder, which was a kind of a scaffold with steps on each side, about fifteen feet high with a small space on the top to stand on, placed on the top of a flat car, for the purpose of going out to repair a trolley wire or guy wire; that he mounted the ladder on the car, which was standing about 175 feet from the power house between the poles under the guy wire, where the work was to be done; that he had been at work from five to ten minutes when the car started and caused him to be thrown off; that the car was near a spring switch when it started and not being heavy enough to open the switch ran out of the same off the track and thereby caused plaintiff to be thrown to the ground; that an electric car in charge of a motorman and conductor of appellant was attached to the ladder car and that no signals were given when the car started. Defendant's theory of the manner in which the injury occurred was that plaintiff was not called upon to make any repair of the trolley or guy wires by his foreman, but to ride on the ladder car from the power house to the main line to repair a bracket some 500 feet from the place where the ladder car was standing; that it was necessary for someone to ride on the ladder car to raise the trolley line at certain points where the guy wires, by which it was suspended to the poles on each side of the track, were attached to it, to allow the ladder to pass under;

that plaintiff raised the wires at the first and second cross wires but at the third, some 250 feet distant from the place where the car started he allowed the cross wire to catch the ladder and turn it at such an angle that he fell therefrom and was injured; that the wires had to be raised but 6 or 8 inches and the lifting power required was not to exceed ten pounds; that no special skill was required and the accident occurred through the carelessness of plaintiff; that there was no injury to be repaired at the point where the accident occurred or within 200 feet of it.

The plaintiff's theory of the case was sustained by the testimony of himself and five other witnesses, while defendant's theory was supported by the evidence of five employes, including the motorman and conductor of the electric car attached to the ladder car at the time of the injury.

The evidence was conflicting and irreconcilable. Under the circumstances we find no reason for disturbing the finding of the jury, on the ground that the verdict was not sustained by the proofs. Plaintiff in error contends however, that even though Kays was injured in the manner claimed, he cannot recover for the reason that the negligence complained of was that of a fellow-servant, but this matter of defense was not raised in the court below nor were any instructions as to the law of fellow-servants presented by the court to the jury, and it cannot be raised for the first time in this court. Snyder v. Nelson, 101 Ill. App. 619; Hafner v. Herron, 60 Ill. App. 592. The claim that there is a variance between the allegations of the declaration and the proofs in regard to the negligence charged is not sustained, as plaintiff introduced evidence strongly tending to sustain the specific charges of negligence contained in the declaration.

The injuries received by defendant in error appear to have been severe and sufficiently permanent in character to materially diminish his earning capacity and restrict him from performing the work he had been engaged in before that time and we are unable to say that the amount of the verdict was so large as to indicate passion or prejudice on

East St. Louis Connecting Ry. Co. v. Meeker.

the part of the jury or to warrant a reversal of the judgment. The claimed error in the instructions given by the court on behalf of defendant in error, is that they allowed compensation for future pain and suffering, when there was no evidence offered that Kays would ever sustain any such damages. Kays after testifying to the extent of his injury and the present condition of the parts injured, stated that his arm and wrist were sore when he used them; that his shoulder was not well yet and he suffered pain; that his right arm pained him and that it was sore every time he used it. His physician also testified that he thought the injury would be a permanent one and that defendant in error would be a cripple. This evidence was sufficient to warrant the giving of the instructions upon the subject named. The court modified the seventh instruction given for plaintiff in error, so as to make the matter of defense therein set out, apply only to two counts of the declaration, when it properly applied to all four of the counts. The instructions, however, upon the whole correctly stated the law of the case to the jury and we do not think the restriction contained in the modification of the seventh instruction was sufficiently prejudicial under all the circumstances to warrant a reversal of the case.

The judgment of the court below is affirmed.

*Affirmed.*