**CUMBERLAND TELEPHONE & TELEGRAPH CO., Inc., v. LAWRENCE et ux.**

(Circuit Court of Appeals, Fifth Circuit. February 22, 1921.)

No. 3597.

1. **Telegraphs and telephones** ⬚⟹15(3)—**Injury from obstruction of street actionable.**

    A telephone company, constructing its line along a street, under Acts La. 1880, No. 124, is without right to so place guy wires as to create an obstruction dangerous to one lawfully using the street.

2. **Municipal corporations** ⬚⟹703(1)—**Crossing street between established crossings not unlawful use.**

    Crossing a street at a place other than a regular crossing is not an unlawful use of the street.

3. **Telegraphs and telephones** ⬚⟹26¾, New, vol. 7A Key-No. Series—**Company under federal control liable for injury from obstruction of street.**

    A telephone company, which so placed a guy wire in a street as to create a dangerous obstruction, *held* not relieved from liability for an injury caused thereby, because its line was being operated at the time by the government.

In Error to the District Court of the United States for the Eastern District of Louisiana; Rufus E. Foster, Judge.

Action at law by John H. Lawrence and wife against the Cumberland Telephone & Telegraph Company. Judgment for plaintiffs, and defendant brings error. Affirmed.

J. C. Henriques, of New Orleans, La., for plaintiff in error.

C. T. Starkey, of New Orleans, La. (Alfred E. Billings and Charles T. Starkey, both of New Orleans, La., on the brief), for defendants in error.

Before WALKER, BRYAN, and KING, Circuit Judges.

WALKER, Circuit Judge. This was an action by the defendants in error against the plaintiff in error, Cumberland Telephone & Telegraph

Company (herein called the defendant), to recover damages caused by the death of George Dewey Lawrence, which was attributed to wrongful conduct of the defendant in so placing on a sidewalk in a public street in the city of Gretna, La., a galvanized guy wire of neutral tint, difficult to be seen by day, and not visible at night, with which the deceased's person came in violent contact on the night of September 29, 1918, when he jumped across a gutter in crossing from one side of the street to the other, near the middle of a block, at a point near where the guy wire was fastened at the ground about 30 feet from the pole, near the top of which the other end of the guy wire was fastened. The guy wire was erected in the manner stated by the defendant prior to May, 1913. The fact that at the time the deceased was hurt as above stated the defendant's telephone and telegraph system was, and had been since August 1, 1918, in the possession and control of the Postmaster General, in pursuance of the President's proclamation issued under the power conferred by a joint resolution of Congress (40 Stat. 904), was set up as a defense. The court ruled against that defense by refusing a request that a verdict in favor of the defendant be directed.

[1, 2] The right of defendant to construct its line along the street did not include the right thereby to obstruct the ordinary use of the street. Acts La. 1880, No. 124. The defendant was without right so to place its guy wire as to create an obstruction dangerous, especially at night, to one making a lawful use of the street. Wilson v. Telephone & Telegraph Co., 41 La. Ann. 1041, 6 South. 781; Nesson v. City of New Orleans, 134 La. 455, 64 South. 286, 51 L. R. A. (N. S.) 324. The deceased's use of the street was not rendered unlawful by the circumstance that he crossed it at a place other than the regular crossing. Weber v. Union Development Co., 118 La. 77, 42 South. 652, 12 Ann. Cas. 1012.

[3] The liability of the creator of a nuisance for the reasonably to be expected consequences of it does not cease to exist as a result of the property or structure constituting it passing from his possession or control. He remains liable because he was the author of the original wrong. Plumer v. Harper, 3 N. H. 88, 14 Am. Dec. 333; East Jersey Water Co. v. Bigelow, 60 N. J. Law, 201, 205, 38 Atl. 631; Hyde Park Thomson-Houston Light Co. v. Porter, 167 Ill. 276, 47 N. E. 206; Crommelin v. Coxe & Co., 30 Ala. 318, 329, 68 Am. Dec. 120; Philadelphia & R. R. Co. v. Smith, 64 Fed. 679, 12 C. C. A. 384, 27 L. R. A. 131, 20 R. C. L. 292. Whether the original wrongdoer's successor in possession and control was liable is a question which is not presented for decision. The defendant was not, on the above-mentioned ground, entitled to have a verdict in its favor directed.

Other questions raised in behalf of the defendant are not considered to be such as to call for a discussion of them. The issues were properly submitted to the jury.

No reversible error being shown, the judgment is affirmed.

BRYAN, Circuit Judge, did not take part in the decision of this case.